PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:      510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, Esq. (SBN 148372)
THE DERBY LAW FIRM P.C.
1255 Treat Blvd., Suite 300
Walnut Creek, CA  94597
Telephone:     925/472-6640
Facsimile:      925/933-3964
derby@derbydisabilitylaw.com

Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HOLLAND and KRISTEN HOLLAND,<br><br>            Plaintiffs,<br><br>v.<br><br>THE RELATED COMPANIES, INC.; THIRD AND MISSION ASSOCIATES, LLC; DOES 1 through 10, Inclusive,<br><br>            Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**<br><br>1.  **Fair Housing Act, 42 U.S.C. § 3604(f);**<br>2.  **Fair Employment and Housing Act, CA Gov.C. § 12926** *et seq.***;**<br>3.  **Unruh Act, CA Civ.C.§ 51** *et seq.***;**<br>4.  **Disabled Persons Act, CA Civ.C. § 54** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.	Plaintiffs Peter Holland and Kristen Holland (hereinafter collectively referred to as "plaintiffs") bring this action against the owners and operators of The Paramount apartment complex located in San Francisco, California, alleging discrimination on the basis of disability in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.

## II. JURISDICTION AND VENUE

2.	Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. All of plaintiffs' claims form part of the same case or controversy under Article III of the United States Constitution.

3.	Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within San Francisco County, California.

## III. PARTIES

4.	Plaintiff Peter Holland ("Peter") suffers from Post-Traumatic Stress Disorder due to his military service, thus making him a person with a disability within the meaning of the federal Fair Housing Act, 42 U.S.C. § 3602 (the California Fair Employment and Housing Act ("FEHA")), Government Code §§ 12926 and 12926.1, the California Unruh Civil Rights Act ("Unruh Act"), Civil Code § 51, the California Disabled Persons Act, Civil Code § 54.1, and Civil Code § 3345.

5.	Plaintiff Kristen Holland ("Kristen") is Peter's lawful spouse who has suffered fear, anxiety, stress, humiliation and worry due to the effect defendants' denial of reasonable accommodation is having on Peter. She has suffered actual injury due to defendants' discriminatory housing practices and thus she is also an "aggrieved person" under 42 U.S.C. § 3602(i) and 42 U.S.C. § 12182(b)(1)(E), California Civil Code §§ 51(f) and 54.1(f). She is

also a co-tenant entitled to full use and enjoyment of her leasehold.

6. Plaintiffs are informed, believe and thereon allege that Defendant The Related Companies, Inc., ("Related") operates The Paramount apartment building. The Paramount is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation within the meaning of FEHA, Government Code § 12927(d), and the Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh Act, Civil Code § 51.

7. Plaintiffs are informed, believe and thereon allege that Defendant Third and Mission Associates, LLC, owns The Paramount apartment building where plaintiffs have their leasehold.

8. Each defendant was, at all times relevant, the agent, employee or representative of each other defendant. Each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency, or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

### IV. FACTS COMMON TO ALL CAUSES OF ACTION

9. The Paramount is a privately-owned, forty-three-story apartment complex located in downtown San Francisco.

10. Commencing on December 1, 2008, Plaintiffs Peter and Kristen Holland leased unit 7C in The Paramount.

11. At the time of said leasing, Peter advised Connie Cortiz, defendants' leasing agent, of his service-related PTSD diagnosis and thus his disability. From there on defendants were aware of Peter's disability and the fact that Peter qualified as a "disabled person" and a "handicapped person" entitled to reasonable accommodation under state and federal law.

12. On or about November 2014, plaintiffs and defendants executed a renewal of plaintiffs' leasehold on apartment 7C at The Paramount obligating plaintiffs to remain in that unit through December 31, 2015. No one mentioned to plaintiffs in those lease negotiations that

1  The Paramount would be undergoing major renovations and that the plan included major
2  construction and demolition work to be done on the floor directly beneath plaintiffs' leased
3  apartment.
4  13.     On or about January 23, 2015, defendants sent out an advisement in writing to all
5  tenants including plaintiffs that The Paramount would soon be undergoing renovation.
6  14.     Based upon his knowledge of construction projects, Peter asked building
7  management, including employees of Related, about the details of the project and he once again
8  advised of his PTSD and expressed concern about the effect such renovations would have on him
9  and his family.  Peter was assured the demolition associated with the project would not bother
10 him and in any event would not last more than a month or two.
11 15.     Commencing on or about March 3, 2015, The Paramount began undergoing major
12 construction and demolition on the floors immediately below the floor occupied by Peter and his
13 family.  Since March 3, 2015, for every weekday since, Peter has been subjected to daily
14 barrages of construction and demolition-related noise which triggered and continues to trigger
15 Peter's PTSD causing him to be "on alert" as if in combat and preventing him from attending to
16 his daughter, his business or even from leaving the apartment for fear of what may happen in his
17 hyper-vigilant state.
18 16.     On or about April 8, 2015, Peter sent defendants a copy of a letter from his
19 physician describing his condition.  Therefore by April 8, 2015, if not earlier, defendants were
20 aware of Peter's PTSD diagnosis and the effect the construction and demolition was having upon
21 him and his family.
22 17.     On or about May 20, 2015, plaintiffs made a formal written request for reasonable
23 accommodation under state and federal law requesting that he and his family be re-located away
24 from the construction and demolition noise.  Such written request was acknowledged by
25 defendants through their agents.  However, defendants have thus far failed and refused to provide
26 the Hollands with such reasonable accommodation as is required by the aforementioned state and
27 federal laws.
28 //

18. Because of defendants' unlawful acts or practices, plaintiffs have suffered and continue to suffer daily emotional distress, including humiliation, mental anguish, and attendant bodily injury, violation of their civil rights, loss of dignity, embarrassment and have otherwise sustained injury. Defendants deprived and continue to deprive plaintiffs of the use and enjoyment of their leased premises to the same extent as someone who does not suffer from PTSD or someone who lives with someone who suffers from that condition.

19. In doing the acts of which plaintiffs complain, defendants acted with oppression, fraud and malice, and with knowing disregard of plaintiffs' rights. Accordingly, plaintiffs are entitled to punitive and exemplary damages.

20. In engaging in the unfair acts of which plaintiffs complain, defendants knew that their conduct was directed at a disabled person, Peter, and that conduct caused Peter harm, entitling him to a trebling of penalties and statutory and punitive damages pursuant to Civil Code § 3345.

21. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint against plaintiffs and other disabled persons as well as those who live with them. Plaintiffs continue to suffer irreparable damage and thus have no adequate remedy at law. Accordingly, plaintiffs are entitled to injunctive relief as set forth below.

## V. CLAIMS

### A. FIRST CLAIM

**[Violation of Fair Housing Act]**

22. Plaintiffs re-allege and incorporate by reference each of the allegations contained in paragraphs 1 through 21 of this complaint as is more fully set forth herein.

23. Based upon the foregoing, defendants have violated the protections afforded to plaintiffs under 42 U.S.C. § 3604(f) including but not limited to refusing to provide reasonable accommodation of Peter's known disability by re-locating plaintiffs away from the construction zone.

24. Based upon the foregoing, plaintiffs are entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

### B. SECOND CLAIM

**[Violation of California Fair Employment and Housing Act]**

25. Plaintiffs re-allege and incorporate by reference each of the allegations contained in paragraphs 1 through 21 of this complaint as is more fully set forth herein.

26. Based upon the foregoing, defendants have violated the protections afforded to plaintiffs under California Government Code § 12926 *et seq*. including but not limited to refusing to provide reasonable accommodation of Peter's known disability by re-locating plaintiffs away from the construction zone.

27. Based upon the foregoing, plaintiffs are entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

### C. THIRD CLAIM

**[Violation of California Unruh Civil Rights Act]**

28. Plaintiffs re-allege and incorporate by reference each of the allegations contained in paragraphs 1 through 21 of this complaint as is more fully set forth herein.

29. Based upon the foregoing, defendants have violated the protections afforded to plaintiffs under California Civil Code § 51 *et seq*. including but not limited to refusing to provide reasonable accommodation of Peter's known disability by re-locating plaintiffs away from the construction zone.

30. Based upon the foregoing, plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages and injunctive relief as set forth below.

//

//

//

//

### D. FOURTH CLAIM

### [Violation of California Disabled Persons Act]

31. Plaintiffs re-allege and incorporate by reference each of the allegations contained in paragraphs 1 through 21 of this complaint as is more fully set forth herein.

32. Based upon the foregoing, defendants have violated the protections afforded to plaintiffs under Civil Code § 54 *et seq.* including but not limited to refusing to provide reasonable accommodation of Peter's known disability by re-locating plaintiffs away from the construction zone.

33. Based upon the foregoing, plaintiffs are entitled to statutory damages, actual damages, punitive and exemplary damages and injunctive relief as set forth below.

### VI. RELIEF

WHEREFORE, plaintiffs pray for entry of a judgment against defendants, and each of them, that:

1. Awards actual and compensatory damages;
2. Awards statutory damages under the California Unruh Civil Rights Act and Disabled Persons Act;
3. Awards punitive damages;
4. Trebles the award of penalties, statutory damages and punitive damages pursuant to Civil Code §§ 3345, 52.1 and 55;
5. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their contractors, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants without regard to disability as required by the federal and state fair housing laws, including but not limited requiring that defendants and those acting on their behalf formulate and implement a proper and compliant program of policies, education and training regarding the requirements of state and federal laws with regard to affording disabled and/or

1 handicapped persons reasonable accommodations;

2 6. Awards costs of suit, including reasonable attorneys' fees; and,

3 7. Awards all such other relief as the Court deems just.

## VII. JURY DEMAND

Plaintiffs request a trial by jury.

Date: July 10, 2015

LAW OFFICES OF PAUL L. REIN
THE DERBY LAW FIRM P.C.

\_\_\_/s/ Celia McGuinness_____
By CELIA MCGUINNESS, Esq.
Attorneys for PETER HOLLAND and
KRISTEN HOLLAND