PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, Esq. (SBN 148372)
THE DERBY LAW FIRM P.C.
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
Telephone: 925/472-6640
Facsimile: 925/933-3964
derby@derbydisabilitylaw.com

Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETER HOLLAND and KRISTEN HOLLAND,

Plaintiffs,

v.

THE RELATED COMPANIES, INC.; THIRD AND MISSION ASSOCIATES, LLC; DOES 1 through 10, Inclusive,

Defendants.

CASE NO. 4:15-cv-03220 JSW

Civil Rights

**REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

**Per court's order Docket No. 22**

Defendants' opposition does not dispute any of the necessary elements of plaintiffs' burden on this motion. Thus, only one issue remains to be decided at hearing: Should a disabled plaintiff and his young family be required to move twice within 60 days to save defendants a little money, or is it reasonable to move them once, until their lease ends in December, to provide them with housing security?

Defendants do not dispute that Plaintiff PETER HOLLAND has a disability. Defendants do not dispute that Plaintiff's disability requires accommodation due to the "war zone" defendants

have created by their construction noise.  Defendants do not dispute that moving plaintiff to a different apartment away from the noise is possible and reasonable.  They simply want to make plaintiff and his young family "live out of boxes" while they continue their construction project that will now last into September, according to their opposition papers.

The question whether a particular accommodation is reasonable "depends on the individual circumstances of each case" and "requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations."  *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).  In *Vinson* as in this case, a plaintiff bears the initial burden of producing evidence that the reasonable accommodation they seek is possible.  Thereafter, the burden shifts to defendants to produce rebuttal evidence that the requested accommodation is not reasonable. Plaintiffs here have easily proven that the accommodation they seek is possible: Defendants admit they have a unit available above the construction noise.  Defendants must now show that moving plaintiffs once is not reasonable but moving them twice in less than 60 days is reasonable.  Not surprisingly, defendants have not produced evidence in support of their intellectual gymnastics.

Instead, defendants argue plaintiffs' "delay" as a reason to deny injunctive relief. Ironically, had defendants accepted plaintiffs' request to relocate in April or the pre-litigation request from plaintiffs' counsel in May, this case would not be before the Court, and defendants' cost to move plaintiffs would have been significantly lower.  At that time defendants had available apartments which rented for much closer to the rent plaintiffs now pay.  Docket no. 7, Derby Decl. ¶ 6, Ex. D, Bankson letter of May 28.  Back then, however, defense counsel wanted the Hollands to move at market rate and refused to pay for move-back after construction.  *Id.* at p. 2, ¶ 4; p.3, ¶ 2.  To the extent that defendants refused to grant plaintiffs' reasonable accommodation request until move-back became untenable and their delay cost them money, defendants cannot be heard to complain.

For all of the foregoing reasons, plaintiffs respectfully request that this Court grant their request for preliminary injunctive relief and compel defendants to move plaintiffs out of the "war zone" defendants have themselves created.  Plaintiff PETER HOLLAND and his family cannot

1  endure the stress of housing insecurity any longer.[1] The equities and the public interest require
2  that this family be given the "right . . . to live in the residence of their choice in the community"
3  that they have been seeking. *Giebeler v. M & B Associates*, 343 F.3d 1143, 1149 (9th Cir. 2003).
4  Plaintiffs request this Court vindicate the national interest in fair housing, the national law under
5  FHA, and the national debt owed to Veterans by enjoining defendants to immediately move
6  plaintiffs at current rent for the duration of their lease.

Dated: July 22, 2015                Respectfully submitted,

LAW OFFICES OF PAUL L. REIN
THE DERBY LAW FIRM P.C.

    */s/ Celia McGuinness*
By CELIA McGUINNESS, Esq.
Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND

---

[1] There is no certainty with construction, as demonstrated by defendants' original assertion that construction would be completed "by August" and their new assertion it will be over "by September 8th." *Cf* Docket no. 7, Ex. D, Bankson letter at p. 3, ¶ 4; and Docket no. 26-1, Lunn Dec. ¶ 8.