PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Telephone:    510/832-5001
Facsimile:    510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, Esq. (SBN 148372)
THE DERBY LAW FIRM P.C.
1255 Treat Blvd., Suite 300
Walnut Creek, CA 94597
Telephone:    925/472-6640
Facsimile:    925/933-3964
derby@derbydisabilitylaw.com

Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HOLLAND and KRISTEN HOLLAND,<br><br>Plaintiffs,<br><br>v.<br><br>THE RELATED COMPANIES, INC.; THIRD AND MISSION ASSOCIATES, LLC; DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 15-cv-3220 JSC<br>Civil Rights<br><br>**JOINT CASE MANAGEMENT STATEMENT, RULE 26 (F) CONFERENCE STATEMENT AND ~~PROPOSED~~ ORDER** AS MODIFIED AND VACATING CASE MANAGEMENT CONFERENCE |

The parties to the above-entitled actions submit this JOINT CASE MANAGEMENT

STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the

Northern District of California dated November 1, 2014, and Civil Local Rule 16-9.

1. Jurisdiction & Service

   The complaint of Plaintiffs PETER HOLLAND ("Mr. Holland") and KRISTEN

HOLLAND ("Ms. Holland") alleges 4 causes of action, including violations of the federal Fair

---

JOINT CASE MANAGEMENT, RULE 26 (F) STATEMENT AND ~~PROPOSED~~ ORDER

Housing Act, the California Fair Employment and Housing Act, the Unruh Civil Rights Act and Civil Code Section 54.1 et seq. (sometimes called but not actually named "the Disabled Persons Act). This Court has jurisdiction over claims brought under Federal Law pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the claims brought under California Law pursuant to 28 U.S.C. § 1367. All Defendants have been served and have answered the complaint. There is presently no intention to amend the complaint to add additional causes of action or additional parties and Defendants do not intend to file any counter-claims or cross-complaints. Therefore, the pleadings are settled.

2. Facts

The facts surrounding the incident giving rise to the complaint are in dispute. Plaintiffs PETER HOLLAND and KRISTEN HOLLAND (collectively, "Plaintiffs") contend that Defendants failed to reasonably accommodate Peter Holland's disability, that as a United States combat veteran with Post-Traumatic Stress Disorder, his PTSD was being exacerbated daily because of Defendants' failure to accommodate his housing needs. Specifically, despite having knowledge of Mr. Holland's PTSD diagnosis, Defendants refused to relocate Mr. Holland and his family while they undertook major construction on the floor directly beneath him using jackhammers, nail guns and other loud machinery that "triggered" Mr. Holland's PTSD, putting himself and his family (including wife Plaintiff Kristen Holland and toddler daughter) at imminent risk to their health and stability as a result. Plaintiffs contend that this failure to accommodate lasted from at least April 8, 2015 until an order from this court granting Plaintiffs' motion for preliminary injunction on July 23, 2015 – a period of 107 days.

Defendants contend that they provided several reasonable accommodation options to the Plaintiff in compliance with their duty to engage in the interactive process. Defendants contend that Defendants have not been damaged and if any damages were in fact sustained, Defendants are not liable for said damages. Defendants contend that any delay in reasonably accommodating Mr. Holland was caused by Holland's rejection of numerous reasonable accommodations.

3. <u>Legal Issues</u>

At issue in the complaint are whether the Defendants failed to provide a reasonable accommodation to their tenants, Plaintiffs herein, despite acknowledgment of Mr. Holland's PTSD diagnosis and alleged disability-related need for relocation ;whether such relocation posed an undue financial or administrative burden on Defendants; whether Defendants' actions violated the Americans with Disabilities Act of 1990, California's Unruh Civil Rights Act and Disabled Person's Act;  and whether Defendants were negligent and caused any harm to the Plaintiffs.

4. <u>Motions</u>

Plaintiffs may bring a motion for partial summary judgment and/or clarification of issues under FRCP Rule 56(f) based upon Defendants' pre-litigation admissions and the lack of any evidence to support a finding of undue burden.

Defendants' may also file a motion for summary judgment based upon Defendants' contention that provided a reasonable accommodation to Plaintiff.

5. <u>Amendment of Pleadings</u>

As indicated above, no party presently intends to amend its pleadings.

6. <u>Evidence Preservation</u>

The parties are familiar with the ESI Guidelines.  The parties are taking reasonable and proportionate steps to preserve evidence relevant to the issues at bar. The parties do not presently anticipate any issues requiring assistance from the court.

7. <u>Disclosures</u>

The parties intend to exchange initial disclosures on October 2, 2015, concurrent with the filing of this statement. To facilitate settlement, Plaintiffs have agreed to provide defense counsel with a copy of their preliminary expert report from Dr. William Sastry, psychiatric expert on or before October 19, 2015, as a settlement-privileged document.  This report will amend and supplement Plaintiffs' initial disclosure submitted on October 2, 2015.

8. Discovery

The parties have met and conferred pursuant to Rule 26(f) and have agreed on the following discovery to occur by the date indicated:

Deposition of Deborah Lunn                        on or before December 31, 2015

Deposition of Peter Holland                         on or before December 31, 2015

Deposition of Kristen Holland                       on or before December 31, 2015

These will be depositions on all relevant topics and may last up to seven (7) hours each. They will proceed in the order indicated in this statement unless otherwise stipulated in writing.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. Relief

Plaintiffs have sought and received an order granting preliminary injunction from this court, which order was entered on July 23, 2015. Defendants have appealed that decision to the Ninth Circuit and that appeal is now pending. Plaintiffs seek statutory damages for each violation of the Unruh Act ($4,000 per day of violation) and the "Disabled Persons Act ($1,000 per day of violation). Plaintiffs also seek up to three times the amount of actual damages pursuant to California Civil Code Sections 52.1 and 54 as well as policy-based injunctive relief and attorney fees, litigation expenses and costs.

Defendants seek dismissal of the complaint against them or alternatively judgment that they have no legal liability to Plaintiffs for the matters alleged in this action.

12. Settlement and ADR

The parties have enlisted the assistance of Margaret Corrigan, Ninth Circuit Court of Appeal, as mediator and plan to have at least one mediation session with Ms. Corrigan in the next sixty (60) days.

13. Consent to Magistrate Judge For All Purposes

Defendants declined consent to a magistrate judge.

14. <u>Other References</u>

>Not applicable.

15. <u>Narrowing of Issues</u>

>Because of the current factual disputes, the parties are not able to narrow the issues at bar. Plaintiffs contemplate that a motion for summary adjudication or clarification under FRCP Rule 56(f) may be necessary to narrow the issues for trial.

16. <u>Expedited Trial Procedure</u>

>This case is not suitable for Expedited Trial Procedure.

17. <u>Scheduling</u>

>After meeting and conferring, the parties propose the following deadlines be imposed by the court:

Discovery Cut-off: January 15, 2016

Designation of Experts: February 15, 2016

Hearing of Dispositive Motions: April 15, 2016 at 9:00 a.m.

Pretrial Conference: ~~June 15, 2016~~ June 27, 2016 at 2:00 p.m.
Jury Selection and Trial   August 1, 2016 at 8:00 a.m.
~~Trial: July 10, 2016~~

18. <u>Trial</u>

>Plaintiffs have demanded a jury trial.   Expected length of trial is 4-5 trial days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

>None.

20. <u>Professional Conduct</u>

>Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

>Because of the interlocutory appeal of the court's grant of Plaintiffs' Motion for Preliminary Injunction, Plaintiffs' counsel have not sought an interim award of fees and costs as would be their right under Civil Code Section 55 [see *Barrios v. California Interscholastic*

*Federation 277 F3d. 1128 (9th Cir. 2002)]* If the appeal results in affirmance of the trial court's order, Plaintiffs' counsel may seek an interim fee award.

Dated: October 1, 2015             LAW OFFICES OF PAUL L. REIN
                                   Attorneys for Plaintiffs PETER HOLLAND
                                   and KRISTEN HOLLAND

                                   By:  /s/
                                   Celia McGuinness, Esq.


Dated: October 1, 2015             KIMBALL, TIREY & ST. JOHN LLP
                                   Attorneys for Defendants THE RELATED
                                   COMPANIES, INC. and THIRD AND
                                   MISSION ASSOCIATES, LLC

                                   By:  /s/
                                   Eli Gordon, Esq.

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT, RULE 26 (F) STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. as modified above with regard to the pretrial and trial dates. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED. The case management conference scheduled for October 9, 2015 is VACATED.

Dated: October 2, 2015

                                   _____
                                   HON. JEFFREY S. WHITE
                                   UNITED STATES DISTRICT COURT JUDGE

- 6 -
JOINT CASE MANAGEMENT, RULE 26 (F) STATEMENT AND ~~PROPOSED~~ ORDER