UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HOLLAND, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE RELATED COMPANIES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03220-JSW   (EDL)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 68 |

　　　　On May 4, 2016, the Parties filed a joint discovery letter in which Defendants move to quash a subpoena that Plaintiffs served on attorney Shawn Bankson, Defendants' prior counsel. At the May 13, 2016 hearing, Plaintiffs clarified that they wanted to depose Mr. Bankson on what he meant by stating in his May 28, 2015 letter to Plaintiffs' counsel that it was Defendants' position that at that time Plaintiff Peter Holland had sufficiently verified his disability but that his request for accommodation was unreasonable.  The Court pointed out that such questions appeared to request attorney-client privileged communications and attorney work product material. Moreover, although Plaintiffs argued that such protections were waived by an advice of counsel defense, Defendants affirmed that they will not rely on an advice of counsel defense based on advice from Mr. Bankson and other members of his law firm and that they will not call Mr. Bankson as a witness at trial.  Also relevant to whether to allow the attorney deposition is the availability of other means to obtain the information.  See Villaflor v. Equifax Info., 2010 WL 2891627, at *2 (N.D. Cal. July 22, 2010) ("[B]efore allowing deposition of opposing counsel, a court should consider: 'the need to depose the lawyer . . . .'" (quoting In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003))).  Defendants stated that Plaintiffs recently served a Rule 30(b)(6) deposition request concerning, in part, the identity of the individuals involved in determining that Plaintiffs' request for accommodation would impose an undue

burden as stated in Mr. Bankson's May 28, 2015 letter.  Accordingly, Defendants' request to quash the subpoena is granted without prejudice to a possible future subpoena on Mr. Bankson should Plaintiffs' attempts to discover the identity of these individuals fail.  Additionally, as stated at the hearing, the Parties are hereby ordered to meet and confer on Plaintiffs' prior interrogatory concerning the identity of these individuals to which Defendants allegedly objected and, if they are unable to resolve any disputes concerning this request, file a joint letter of no more than two pages attaching the interrogatory by May 16, 2016.

**IT IS SO ORDERED.**

Dated: May 13, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge