UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HOLLAND, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE RELATED COMPANIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03220-JSW   (EDL)<br><br>**ORDER RE: JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 83 |

In this case brought under the federal Fair Housing Amendments Act and related state statutes, Plaintiffs Peter Holland ("Mr. Holland") and Kristen Holland ("Ms. Holland") (collectively, "Plaintiffs") allege that Defendants The Related Companies, Inc., Third and Mission Associates, LLC, Related Management Company, L.P., and Does 1 through 10 ("Defendants"), which operate the apartment building in which Plaintiffs reside, failed to accommodate Mr. Holland's Post Traumatic Stress Disorder ("PTSD") by refusing to relocate him and his family to an apartment away from the building's noisy construction. Before the Court is a discovery letter in which Defendants ask the Court to compel Mr. Holland to submit to written psychological examination as part of an independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35(a). (Dkt. 83.)

A party seeking to compel an IME must affirmatively show that the opposing party's mental condition is in controversy and that there is good cause for the examination. See Fed. R. Civ. P. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Rule 35 is to be liberally construed. See Schlagenhauf, 379 U.S. at 114-15 (discovery rules should be "accorded a broad and liberal treatment"); Franco v. Boston Sci. Corp., No. 05-CV-1774 RS, 2006 WL 3065580, at *1 (N.D. Cal. Oct. 27, 2006) ("Although the rule is to be construed liberally to allow the examination, the court must still balance the right of the party to be examined to avoid personal

1  invasion against the moving party's right to a fair trial."). When a party seeks to conduct multiple
2  assessments within a single IME, it must establish that each proposed assessment satisfies Rule
3  35's requirements. See Ashley v. City & Cty. of San Francisco, No. 12-CV-00045-JST KAW,
4  2013 WL 2386655, at *3 (N.D. Cal. May 30, 2013).

5        The Parties have entered a stipulation allowing Defendants to conduct an IME of Mr.
6  Holland. (Dkt. 72.) This stipulation provided that Mr. Holland's mental condition is in
7  controversy and that good cause exists for the IME. (Id. ¶ 1.) It further provided that the IME
8  would last no more than eight hours and would include a four-hour interview regarding, *inter alia*,
9  the history of and changes to Mr. Holland's mental condition. (See id. ¶¶ 4, 9.) The Parties
10  reserved the issue of whether the IME would involve the administration of written psychological
11  tests. (Id. ¶ 10.) The IME took place on May 6, 2016 and consisted of a five-hour interview, but
12  no written psychological examination. (Dkt. 83 at 4; id., Ex. 1 ¶ 3.)

13        Defendants argue that Mr. Holland should submit to written psychological examination
14  because the worsening of his mental condition due to Defendants' construction is in controversy,
15  and the tests will provide Defendants with a comprehensive picture of Mr. Holland's functionality
16  and distress level. (Dkt. 83 at 2.) Their medical expert requests three hours to administer a subset
17  of six enumerated tests. (Id., Ex. 1 ¶ 6.) Plaintiffs, by contrast, argue that Mr. Holland's diagnosis
18  of PTSD is not in controversy, and therefore tests designed to diagnose PTSD are not useful. (Id.
19  at 3.) Their medical expert testified that Defendants already have access to the relevant
20  information through the previous IME interview and U.S. Department of Veterans Affairs'
21  records, and that requiring Mr. Holland to "relive his symptoms for another five to six hours" may
22  be harmful. (Id., Ex. 5 ¶¶ 5, 11-12.)

23        The Court agrees with Defendants that the exacerbation of Mr. Holland's PTSD is in
24  controversy, and that good cause exists for written psychological examination. Plaintiffs
25  acknowledge that the Parties dispute "whether [D]efendants exacerbated [Mr. Holland's]
26  symptoms[,]" (Dkt. 83 at 3), which presumably is why they agreed to allow Defendants' medical
27  expert to interview Mr. Holland regarding the history of and changes to his PTSD (Dkt. 72 ¶ 9).
28  Given that Defendants seek to administer only three hours of written psychological examination

1  (not five to six), the Court finds that any potential harm to Mr. Holland is outweighed by
2  Defendants' interest in conducting their own, comprehensive evaluation of his mental condition.
3  See, e.g., Ashley, 2013 WL 2386655, at *2; Franco, 2006 WL 3065580, at *1.  Accordingly, Mr.
4  Holland shall submit to further IME that includes written psychological examination, but the IME
5  shall be limited to three hours.

**IT IS SO ORDERED.**

Dated:  June 3, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge