**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Statement of the Case</u>

Plaintiff PETER HOLLAND and KRISTEN HOLLAND seek damages from Defendants THIRD & MISSION ASSOCIATES, LP and RELATED MANAGEMENT COMPANY, LLP because Plaintiffs contend that Defendants violated state and federal housing laws and other laws that protect disabled persons from discrimination.  In 2015, Plaintiffs were renting an apartment from defendants in a building located in San Francisco on Mission Street known as "The Paramount." THIRD & MISSION was the property owner, and RELATED MANAGEMENT was the property manager.

Plaintiffs contend that Plaintiff PETER HOLLAND is a combat veteran who suffers from Post-Traumatic Stress Disorder (PTSD) from his military service and is permanently disabled as a result.  In 2015, a remodeling project was completed at the building, which resulted in construction noise.  Plaintiffs requested what is known as a reasonable accommodation for his disability due to the construction noise, which Plaintiffs contend was denied by Defendants. Plaintiffs seek compensatory and punitive damages against defendants.

**<u>GENERAL AND CONCLUDING INSTRUCTIONS</u>**

<u>(taken from "Manual of Model Civil Jury Instructions
for the District Courts of the Ninth Circuit")</u>

Chapter 1 - Introductory Comment
1.1     Cover Sheet
1.2     Duty of Jury (Court Reads and Provides Written Set of Instructions)
1.4     Duty of Jury (Court Reads and Provides Written Instructions at End of Case)
1.5     Claims and Defenses
1.6     Burden of Proof—Preponderance of the Evidence
1.7     Burden of Proof—Clear and Convincing Evidence
1.8     Two or More Parties—Different Legal Rights
1.9     What Is Evidence
1.10    What Is Not Evidence
1.11    Evidence for Limited Purpose
1.12    Direct and Circumstantial Evidence
1.13    Ruling on Objections
1.14    Credibility of Witnesses
1.15    Conduct of the Jury
1.16    Publicity During Trial
1.17    No Transcript Available to Jury
1.18    Taking Notes
1.19    Questions to Witnesses by Jurors
1.20    Bench Conferences and Recesses

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

1.21    Outline of Trial

Chapter 2 – Types of Evidence

2.2    Stipulations of Fact
2.3    Judicial Notice
2.4    Deposition in Lieu of Live Testimony
2.9    Impeachment Evidence—Witness
2.11   Use of Interrogatories
2.13   Expert Opinion
2.14   Charts and Summaries Not Received in Evidence
2.15   Charts and Summaries in Evidence
2.16   Evidence in Electronic Format

Chapter 3 – Deliberation

3.1    Duty to Deliberate
3.2    Consideration of Evidence—Conduct of the Jury
3.3    Communication With Court
3.4    Readbacks or Playbacks
3.5    Return of Verdict
3.6    Additional Instructions of Law

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

**<u>ADDITIONAL MODEL INSTRUCTIONS (Modified)</u>**

**4.1  CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a Limited Liability Company is entitled to the same fair and conscientious consideration by you as any party.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

**4.2  LIABILITY OF CORPORATIONS—SCOPE OF
AUTHORITY NOT IN ISSUE**

Under the law, a Limited Liability Company is considered to be a person.  It can only act through its employees, agents, directors, or officers.   Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

## 4.4  AGENT AND PRINCIPAL—DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal. The agency agreement may be oral or written.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

## 4.5  AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Source: Ninth Circuit Manual of Model Jury Instructions

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

## 4.8  ACT OF AGENT IS ACT OF PRINCIPAL—
## SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Source: Ninth Circuit Manual of Model Jury Instructions

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

## 4.9  BOTH PRINCIPAL AND AGENT SUED—
## NO ISSUE AS TO AGENCY OR AUTHORITY

The defendants are sued as principal and agent.  The defendant THIRD & MISSION ASSOCIATES, LLC is the principal and the defendant RELATED MANAGEMENT COMPANY, LLC is the agent.  If you find against RELATED MANAGEMENT COMPANY, LLC, then you must also find against THIRD & MISSION ASSOCIATES, LLC.

However, if you find for RELATED MANAGEMENT COMPANY, LLC, then you must also find for THIRD & MISSION ASSOCIATES, LLC.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

## PROPOSED JURY INSTRUCTIONS

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

## **ADDITIONAL PROPOSED INSTRUCTIONS ON SUBSTANTIVE ISSUES OF LAW**

<u>Disputed Instruction No. 1 re "Discrimination Prohibited – FHA" offered by Plaintiffs</u>

### **Discrimination Prohibited – FHA**

It is a violation of the Fair Housing Act (FHA) to deny a person with a handicap \'s request for reasonable accommodation.

Authority: 42 USCA § 3604(f)(3)(B)

# PROPOSED JURY INSTRUCTIONS

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 1 re "Discrimination Prohibited – FHA" offered by Defendants</u>

## Discrimination Prohibited – FHA

It is a violation of the Fair Housing Act (FHA) to deny a person with a handicap (as defined in the FHA)'s request for reasonable accommodation in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

Authority: 42 USCA § 3604(f)(3)(B)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 2 re "Discrimination Prohibited – FEHA" offered by Plaintiffs</u>

**Discrimination Prohibited – FEHA**

It is a violation of the Fair Employment and Housing Act (FEHA) to deny a person with a disability (as defined in the FEHA)'s request for reasonable accommodation.

Authority: Cal. Gov't Code § 12927(c)(1)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 2  re "Discrimination Prohibited – FEHA" offered by Defendants</u>

**Discrimination Prohibited – FEHA**

It is a violation of the Fair Employment and Housing Act (FEHA) to deny a person with a disability (as defined in the FEHA)'s request for reasonable accommodation, when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.

Authority: Cal. Govt. Code §12927(c)(1)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)


<u>Instruction No. 3 re "Reasonable Accommodation" Defined</u>


## <u>Reasonable Accommodation</u>

A reasonable accommodation under both state and federal law is defined as a change in policies, programs or procedures which allows a person with a handicap in the case of the FHA or a disability in the case of the FEHA, to have the same use and enjoyment of their dwelling as someone without their disability or handicap.

Authority: *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1051 [188 Cal.Rptr.3d 537]; *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United States v. California Mobile Home Park Mgmt.Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 4 re "Denial of Reasonable Accommodation – Elements of
Claim" offered by Plaintiffs</u>

**Denial of Reasonable Accommodation – Elements of Claim**

Plaintiff PETER HOLLAND claims that defendants denied his request for reasonable
accommodation of his handicap. To establish this claim, Plaintiff must prove all of the
following:

(1) he suffers from a handicap as defined by the statute;
(2) defendants knew or reasonably should have known of the plaintiff's handicap;
(3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal
opportunity to use and enjoy the dwelling; and
(4) defendants refused to make such accommodation.

Authority: *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing
*United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.
1997)).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 4 re "Disability Discrimination/Housing - Elements of Claim"
offered by Defendants</u>

**Disability Discrimination/Housing - Elements of Claim**

Plaintiff PETER HOLLAND claims that Defendants discriminated against him by denying his request for a reasonable accommodation of his handicap. To establish this claim, Plaintiff must prove all of the following:

(1) he suffers from a handicap as defined by the statute;
(2) defendants knew or reasonably should have known of the plaintiff's handicap;
(3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling;
(4) the requested accommodation is reasonable; and
(5) defendants refused to make such accommodation.

Authority: *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997); *Dubois v. Ass'n of Apt. Owners*, 453 F.3d 1175, 1179 (9th Cir. 2006).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 5 re "Burden of Proof – Denial of Reasonable Accommodation"
offered by Plaintiffs</u>

**Burden of Proof – Denial of Reasonable Accommodation**

The party requesting accommodation bears the initial burden of showing that the request is "reasonable" – meaning possible or not unusual. Once this minimal showing is made, the burden shifts to the landlord to either disprove reasonableness, or to show that granting the accommodation would impose an undue burden. A landlord may not force a tenant to accept alternate accommodations if the accommodation requested by the tenant is reasonable and not an undue burden on the landlord.

Authority: *Book v. Hunter*, No. 1:12-CV-00404-CL, 2013 WL 1193865, at *3-4 (D. Or. Mar. 21, 2013).

PROPOSED JURY INSTRUCTIONS

Holland v Third & Mission Associates, LLC et al.
4:15-cv-03220 JSW (EDL)

Disputed Instruction No. 5 re "Burden of Proof – Denial of Reasonable Accommodation"
offered by Defendants

**Disability Discrimination/Housing – Burden of Proof**

You should apply a two-part test to determine whether a particular accommodation was "reasonable."

First, you must decide if plaintiffs have proven causation by showing that, but for the accommodation, they likely would have been denied an equal opportunity to use and enjoy their unit.  There must be a causal link between defendants' policies and the plaintiffs' injury to establish a need for the reasonable accommodation.  Second, Plaintiffs must prove that that the requested accommodation was reasonable.  For it to be reasonable, the accommodation must not impose an undue financial or administrative burden on Defendants, and must not fundamental alter Defendants' operations.

Authority:  *42 U.S.C. §3604(f); Giebler v. M&B Assoc*., 343 F.3d 1143, 1147, 1155 & 1157 (9th Cir. 2003); *Huynh v. Harasz*, 2016 U.S. Dist. LEXIS 63678 at *39-40, Case No. 14-CV-02367 (N.D. Cal., 5/12/16).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Instruction No. 6 re "Extra Charge for a Reasonable Accommodation"</u>

**Extra Charge for a Reasonable Accommodation**

A landlord may not charge a tenant an extra fee for granting a request for reasonable accommodation or condition the grant of such a request on the tenant agreeing to pay more to the landlord.

Authority: Joint Statement of DOJ and HUD Regarding Reasonable Accommodations (2004) – Question No. 11:

"11. May a housing provider charge an extra fee or require an additional deposit from applicants or residents with disabilities as a condition of granting a reasonable accommodation? No. Housing providers may not require persons with disabilities to pay extra fees or deposits as a condition of receiving a reasonable accommodation."

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 7 re "No Obligation to Accept Alternative Accommodations"
offered by Plaintiffs</u>

**No Obligation to Accept Alternative Accommodations**

Persons with disabilities typically have the most accurate knowledge about the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if the he believes it will not meet his needs and his preferred accommodation is reasonable.

Authority: <u>Book v. Hunter</u> (D. Or., Mar. 21, 2013, No. 1:12-CV-00404-CL) 2013 WL 1193865, at *3.

## PROPOSED JURY INSTRUCTIONS

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

Disputed Instruction No. 7 re "No Obligation to Accept Alternative Accommodations" offered by Defendants

## No Obligation to Accept Alternative Accommodations

In responding to a request for a handicap accommodation, the housing provider is obligated to offer a reasonable accommodation if necessary to afford equal opportunity to use and enjoy the dwelling.   However, in making such an offer, the housing provider is not obligated to accept whatever accommodation is demanded by the Plaintiff.

Authority*:  Grantz v. State Farm Mut. Auto. Ins. Co*., 420 Fed. Appx. 692, 694 (9th Cir. 2011); *Zatopa v. Lowe*, 2002 U.S. Dist. LEXIS 29104, at *21-22 (N.D. Cal. 8/7/02).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Instruction No. 8 re "Undue Burden"</u>

**Undue Burden**

A landlord may deny a requested accommodation as not reasonable if the accommodation would impose an undue burden on the housing provider. An undue hardship would impose significant difficulty or expense or would constitute a fundamental alteration in the program or service. The determination of whether an accommodation poses undue hardship must be made on a case-by-case basis involving various factors including, but not limited to:

(1)     the nature and cost of the requested accommodation;
(2)     the financial resources of the housing provider;
(3)     the benefits that the accommodation or modification would provide to the applicant or resident with a disability;
(4)     the availability of alternative accommodations or modifications that would effectively meet the applicant's or resident's disability-related needs;

Authority: Gov. Code §Section 12935(a). Reference: Gov. Code §§12920, 12921, and 12955.

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 9 re "PHYSICAL OR MENTAL IMPAIRMENT" offered by
Plaintiffs</u>

**PHYSICAL OR MENTAL IMPAIRMENT**

As you have been instructed, the first element of the FHA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the FHA. A "handicap" under the FHA is a physical or mental impairment, a record of physical or mental impairment, being regarded as having a physical or mental impairment. that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder, or condition, affecting one or more of the following body systems: neurological, musculoskeletal, or (2) any mental or psychological disorder such as emotional or mental illnesses.
Major life activities are the normal activities of living that a nondisabled person can do with little or no difficulty, such as working and interacting with others.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)
Authority:

The Ninth Circuit has recognized interacting with others as a major life activity. *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014); Definition of "handicap" found at 42 USCA § 3602(h)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 9 re "Physical or Mental Impairment" offered by Defendants</u>

**PHYSICAL OR MENTAL IMPAIRMENT**

As you have been instructed, the first element of the FHA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the FHA. A "handicap" under the FHA is a physical or mental impairment which substantially limits one or more of a person's major life activities, a record of having such an impairment, or being regarded as having a such an impairment.

In this case, Plaintiff claims his handicap is a mental impairment.  Mental disability or impairment includes, but is not limited to: having any mental or psychological disorder or condition, such as intellectual disability, organic brain syndrome, emotional or mental illness, or specific learning disabilities, that limits a major life activity.

Authority: Ninth Circuit Manual of Model Jury Instructions (as modified); Cal. Govt. Code §12926(j); 42 USC §3602(h)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Instruction No. 10 re "Substantially Limits Explained"</u>

**"Substantially Limits" Explained**

An impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.  An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting

Source: Ninth Circuit Manual of Model Jury Instructions—Civil (Comment to Instruction 12.2)

Authority:  *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Instruction No. 11 re "Work as a Major Life Activity"</u>

## WORK AS A MAJOR LIFE ACTIVITY

When the major life activity under consideration is that of working, the plaintiff must prove, by a preponderance of the evidence, that the plaintiff was substantially limited in [his] [her] ability to work compared to most people in the general population.  An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.  Factors you may consider include the condition, manner or duration under which the plaintiff performs the work as compared to most people in the general population.

Source: Ninth Circuit Manual of Model Jury Instructions--Civil

Authority: *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014) (holding that ADAA relaxed standard for determining whether plaintiff is substantially limited in engaging in major life activity).  The ADA lists working as a major life activity. 42 U.S.C. § 12102(2)(A).  The definition of "substantially limited" is taken from 29 C.F.R. § 1630.2(j)(1)(ii).   The factors are taken from 29 C.F.R. § 1630.2(j)(4).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Instruction No. 12 re "Interacting with Others as Major Life Activity"</u>

**INTERACTING WITH OTHERS AS MAJOR LIFE ACTIVITY**

When the major life activity under consideration is the ability to interact with others, the plaintiff must prove, by a preponderance of the evidence, that he was substantially limited compared to most people in the general population.  An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

Difficulty getting along with others is not enough.  A plaintiff must show that his interactions with others were characterized on a regular basis by severe problems such as consistently high levels of hostility, social withdrawal or failure to communicate when necessary.

Source: Ninth Circuit Manual of Model Jury Instructions—Civil (as modified)

Authority:  The Ninth Circuit has recognized interacting with others as a major life activity.  *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014).

The language of the instruction was taken from *McAlindin v. County of San Diego*, 192 F.3d 1226, 1235 (9th Cir. 1999) ("Recognizing interacting with others as a major life activity of course does not mean that any cantankerous person will be deemed substantially limited in a major life activity.").  *See also Weaving*, 763 F.3d at 1114 (noting that interacting with others is not the same as getting along with others: "One who is able to communicate with others, though his communications may at time be offensive, 'inappropriate, ineffective, or unsuccessful,' is not substantially limited in his ability to interact with others within the meaning of the ADA.") (citation omitted).  The definition of "substantially limited" is taken from 29 C.F.R. § 1630.2(j)(1)(ii).

## PROPOSED JURY INSTRUCTIONS

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 13 re "Aggrieved Person – Defined" offered by Plaintiff</u>

### "Aggrieved Person" Defined

Plaintiff KRISTEN HOLLAND claims to be an "aggrieved person" who is entitled to claim  her own damages for  harm and loss that she has suffered due to defendants' denial of her husband,  Plaintiff PETER HOLLAND's request for reasonable accommodation. An "aggrieved person" is someone who has herself suffered  her own injury or harm  as a result of the conduct of the defendants.

Authority: 42 USCA § 3602(i)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 13 re "Aggrieved Person – Defined"
offered by Defendants</u>

**Aggrieved Person – Standards for Recovery**

Plaintiff KRISTEN HOLLAND claims she is an "aggrieved person" entitled to recover her own personal damages in this action.  An "aggrieved person" includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes they will be injured by a discriminatory housing practice that is about to occur. This definition should be applied broadly.

To recover damages, KRISTEN HOLLAND must prove she is an "aggrieved person" under the discrimination statutes, and she must also prove that Defendants' alleged conduct proximately caused her damages. Proximate cause requires some direct relationship between the injury asserted and the injurious conduct alleged.  If you conclude that her alleged injuries are too remote from the alleged unlawful conduct, then you should not award her damages.

Authority: 42 USC §3602(i); *Bank of America v. City of Miami*, 197 L.Ed.2d 678, 687 & 689-90, 137 S. Ct. 1296 (2017)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 14 re "Damages - Proof" offered by Plaintiffs</u>

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or both plaintiffs on damages, then you must determine plaintiff's damages. Each plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. General Damages
2. Statutory Damages
3. Treble Damages

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified), #5.1

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 14 re "DAMAGES – PROOF" offered by Defendants</u>

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict, if any, should be rendered.

If you find for one or both plaintiffs, then you must determine plaintiffs' damages.  Each plaintiff has the burden of proving damages by a preponderance of the evidence.

Damages means "actual damages" or the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant.  Actual damages can consist of: (1) special damages, and (2) general damages.

In addition, for the Disabled Persons Act (DPA) cause of action, damages include actual damages and any amount as you may determine, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

It is for you to determine what damages, if any, have been proven.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Ninth Circuit Manual of Model Jury Instruction 5.1 (as modified); 42 USC §3613(c)(1); Cal. Govt. Code §12989.2; Cal. Civ. Code §54.3(a).

**PROPOSED JURY INSTRUCTIONS**

Holland v Third & Mission Associates, LLC et al.
4:15-cv-03220 JSW (EDL)

Disputed Instruction No. 15 re "MEASURES OF TYPES OF DAMAGES" offered by
Plaintiffs

**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 15 re "MEASURES OF TYPES OF DAMAGES" offered by
Defendants</u>

**MEASURES OF TYPES OF DAMAGES**

The damages claimed by Plaintiffs for the harm allegedly caused by Defendants fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

Economic damages or "special damages" means verifiable monetary losses such as medical expenses, loss of past and future earnings, loss of use of property, and loss of business or employment opportunities.

Non-economic damages or "general damages" means subjective non-monetary losses such as pain, suffering, inconvenience, mental suffering, and emotional distress.

Authority: BAJI 14.76; CACI 3902; Ninth Circuit Manual of Model Jury Instructions #5.2 (modified)

**PROPOSED JURY INSTRUCTIONS**

Holland v Third & Mission Associates, LLC et al.
4:15-cv-03220 JSW (EDL)

Instruction No. 16 re "Treble Damages / DPA"

### Treble Damages – Disabled Persons Act

A landlord who violates the Disabled Persons Act is liable for each offense for the actual damages incurred and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

Authority: Cal. Civ. Code, § 54.3

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 17 re "Treble Damages / Civ. Code §3345" offered by Plaintiffs</u>

**Treble Damages – Cal. Civil Code 3345**

If you find Defendants knew or should have known that their conduct involved "unfair or deceptive" acts or practices and that was directed to one or more senior citizens or disabled persons, then you may in addition to all other relief, including any trebling of damages under my previous instructions, award as an additional penalty up to three times the total amount awarded Plaintiffs in this matter.

Authority: *Cal. Civ. Code, § 3345; Novick v. UNUM Life Ins. Co. of America (C.D. Cal. 2008) 570 F.Supp.2d 1207, 1209; Clark v. Superior Court (2010) 112 Cal.Rptr.3d 876, 50 Cal.4th 605, 612-613*

**PROPOSED JURY INSTRUCTIONS**

Holland v Third & Mission Associates, LLC et al.
4:15-cv-03220 JSW (EDL)


Disputed Instruction No. 18 re "Unfair Business Practice "offered by Plaintiffs


**Violation of Fair Employment and Housing Act is an "Unfair Business Practice"**

   If you find that Defendants violated the Fair Employment and Housing Act under the instructions I have given you, then you may also find that such violation constitutes an "unfair business practice" for purposes of awarding enhanced damages under the previous instruction.

Authority: Cal. Business & Professions Code § 17200 et seq.; Cal. Civ. Code, § 3345; Novick v. UNUM Life Ins. Co. of America (C.D. Cal. 2008) 570 F.Supp.2d 1207, 1209; Hernandez v. Stabach (1983) 145 Cal.App.3d 309, 315 [193 Cal.Rptr. 350, 353]

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)


<u>Disputed Instruction No. 19 re "No Double Recovery on Multiple Causes of Action",
offered by Plaintiffs</u>


**<u>No Double Recovery on Multiple Causes of Action</u>**


In this case, Plaintiffs seek damages under three separate statutes: The Fair Housing
Act, Fair Employment and Housing Act, HA, FEHA, and the Disabled Persons Act. You
are to consider each of these claims separately, and rule upon each as though it were
the only claim in this case.

You may award a remedy under any of these claims, or you may allocate the total
remedy among one or more of them.  But you should not duplicate the damages
awarded under different claims.  Award the amount that will compensate Plaintiffs for
their total injuries, but not more.


Plaintiffs' Authorities:  *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016); *Medina
v. D.C.*, 643 F.3d 323, 326 (D.C. Cir. 2011) (cited in *Teuscher* for *Teuscher's* ruling
principle);

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 19 re "No Double Recovery" offered by Defendants</u>

**No Double Recovery on Multiple Causes of Action**

Plaintiffs may recover damages only once for the same injury, even though they seek an award of damages under multiple theories of relief.  In this case, Plaintiffs seek damages under three separate legal theories: FHA, FEHA, and the Disabled Persons Act. You are to consider each of these claims as though it were the only claim in this case.

You may award a remedy under any of these theories, but you should not award Plaintiffs twice for the same wrong.  Stated differently, Plaintiffs may not recover duplicative damages for the same wrong under different causes of action.

Authorities: *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-1019 (Fed. Cir. 2006).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 20 re "PUNITIVE DAMAGES" offered by Plaintiffs</u>

**PUNITIVE DAMAGES**

If you find for one or more plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Ninth Circuit Manual of Model Jury Instructions—Civil 5.5 (as modified); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538 (1999); *In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in federal claims, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991).

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

Disputed Instruction No. 20 re "PUNITIVE DAMAGES" offered by Defendants

**PUNITIVE DAMAGES**

If you find for one or more plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving that punitive damages should be awarded and, if so, the amount of any such damages.  For FHA claims maintained under federal law, punitive damages must be proven by a preponderance of the evidence.  For FEHA and Disabled Persons Act claims maintained under California law, punitive damages must be proven by clear and convincing evidence.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Authorities: Ninth Circuit Manual of Model Jury Instructions-Civil 5.5 (as modified); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538 (1999); *In re Exxon Valdez,* 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in federal claims, citing *Pac. Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 23 n.11 (1991); Cal. Civ. Code §3294(a); CACI 3945 & 3946.

## PROPOSED JURY INSTRUCTIONS

Holland v Third & Mission Associates, LLC et al.
4:15-cv-03220 JSW (EDL)

Disputed Instruction No. 21 re "Pretext" offered by Plaintiffs

**Pretextual Reason Evidence of Intent to Discriminate**

If you find that the defendant asserted one or more reasons for denying plaintiffs request for reasonable accommodation that were not true, nor were they believed at the time by defendant to be true, that is what is known in the law as a pretextual reason.  You may consider that a defendant provided such pretextual reason(s) as evidence of defendants malice, fraud or oppression and/or of its conscious disregard of plaintiff's rights under the law for purposes of awarding punitive damages.

Authority: *Cloud v. Casey* (1999) 76 Cal.App.4[th] 895, 911

**PROPOSED JURY INSTRUCTIONS**

<u>Holland v Third & Mission Associates, LLC et al.</u>
4:15-cv-03220 JSW (EDL)

<u>Disputed Instruction No. 22 re "Plaintiffs cannot recover both Treble and Punitive
Damages" offered by Defendants</u>

**Plaintiffs Cannot Recover Both Treble Damages and Punitive Damages**

In this case, Plaintiffs have requested both treble damages and punitive damages.  But
awarding both types of damages would be a prohibited double recovery.  Therefore, if
you determine that Plaintiffs are entitled to damages – you may award treble damages
or punitive damages, but not both.

*Authority: Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C-04-2019 SBA, 2004
WL 2326369 at *2-7 (N.D. Cal, Oct. 12, 2004); *MCI Comm. Servs. v. Sec. Paving Co.*,
No. 15-CV-01940, 2016 U.S. Dist. LEXIS 49249, at *15 (E.D. Cal. Apr. 12, 2016).

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Instruction No. 23 re "AFFIRMATIVE DEFENSES" (introduction) offered by
Defendants

## AFFIRMATIVE DEFENSES

If, after considering Plaintiffs' evidence and Defendants' rebuttal of that evidence,
you find that Plaintiffs have established each and every element of the claims,
only then you should concern yourselves with the affirmative defense offered by
the Defendants.

With regard to Defendants' defenses, remember that Plaintiffs must disprove the
defense by a preponderance of the evidence.  You must find that Defendants
have established an affirmative defense unless you find that evidence opposing
the existence of that defense has more convincing force that the evidence that
supports it.

If you find that Plaintiffs have successfully rebutted all defenses, then you must
find for the Plaintiffs.  If you find that Defendants have established any affirmative
defenses, then you must find for the Defendant.

*Williams v. Matthews Co.*, 499 F.2d 819, 826 (8th Cir. 1974).

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Disputed Instruction No. 24 re "Affirmative Defenses – Undue Administrative Burden" offered by Defendants

**Affirmative Defense - Undue Administrative Burden**

Defendants are not obligated to accept Plaintiffs' requested accommodation if it would impose an undue financial or administrative burden on Defendants, or would fundamentally alter the nature of Defendants' operations.

Determining whether an accommodation creates an undue financial and administrative burden is highly fact-specific, requiring a case-by-case determination.  In deciding whether a requested accommodation imposes undue hardship, you should consider the following:

1) The nature and cost of the requested accommodation;
2) The financial resources of the housing provider;
3) The benefits that the accommodation would provide to Plaintiffs; and
4) The availability of alternative accommodations that would effectively meet Plaintiffs' disability-related needs.


*Bryant Woods Inn v. Howard County*, 124 F.3d 597, 604 (4th Cir., 1997); *Giebeler v. M&B Asso*ciates., 343 F.3d 1143, 1157 (9th Cir 2003); *Arnal v. Aspen View Condo Ass'n*., 2016 U.S. Dist. LEXIS 24523, at *10-11 (D. Col, 2016); *United States v. California Mobile Home Park Management Co.*, 29 F.3d 1413, 1418 (9th Cir, 1994).

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Disputed Instruction No. 25 re "Alternative Accommodation Permitted" offered by
Defendants

**Affirmative Defense - Undue Administrative Burden
(Alternative Accommodation Permitted)**

If the housing provider reasonably believes a particular requested
accommodation would be an undue financial or administrative burden, then they
must try to identify another accommodation that will not pose such an undue
burden.  In doing so, the housing provider may consider whether alternatives
exist to accomplish the requested accommodation more efficiently.

If a proposed accommodation provides no direct improvement of the disability's
effect, then it cannot be said to have been necessary.

*Bryant Woods Inn v. Howard County*, 124 F.3d 597, 604 (4th Cir. 1997); *Auburn
Woods I HOA v. FEHA*, 121 Cal.App.4th 1578, 1598-1599 (2011)

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Disputed Instruction No. 25 re "Alternative Accommodation Permitted" offered by Plaintiffs

**Affirmative Defense - Undue Administrative Burden
(Alternative Accommodation)**

If the housing provider reasonably believes a particular requested accommodation would be an undue administrative burden on them, then they must try to identify another accommodation that will not pose such an undue burden.  In doing so, the housing provider may consider whether alternatives exist to accomplish the requested accommodation more efficiently.

There may be instances where a provider believes that, while the accommodation requested by the individual is reasonable, there is an alternative accommodation that would be equally effective in meeting the individual's disability-related needs. In such a circumstance, the provider should discuss with the individual if she is willing to accept the alterative accommodation. However, providers should be aware that persons with disabilities typically have the most accurate knowledge about the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if she believes it will not meet her needs and her preferred accommodation is reasonable.

Authority:  *Kuhn by and through Kuhn v. McNary Estates Homeowners Association, Inc.* (D. Or. 2017) 228 F.Supp.3d 1142; Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Accommodation (May 17, 2004) ("Joint Guidance"), in 1 Housing Discrim. Pr. Man. App'x 2C.

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Proposed Jury Instructions

<u>Holland v Third & Mission Associates, LLC et al.</u>

<u>Stipulated Instruction No. 26 re "Pre-Existing Condition or Disability"</u>

**Affirmative Defense – Pre-Existing Condition or Disability**

Plaintiff PETER HOLLAND is not entitled to damages for any physical or emotional condition that he had before the conduct of Defendants occurred. However, if PETER HOLLAND had a physical or emotional condition that was made worse by defendants' conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

Source: Judicial Council Of California Civil Jury Instruction 3928, Judicial Council Of California Civil Jury Instruction 3928 (as modified); Schaub v. VonWald, 638 F.3d 905, 937 (8th Cir. 2011); Gibson v. County of Washoe, 290 F.3d 1175, 1190 (9th Cir. 2002), overruled in part by Castro v. County of L.A., 833 F.3d 1060 (9th Cir. 2016)

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Disputed Instruction No. 26A re "Pre-Existing Condition or Disability" offered by
Plaintiffs

You must decide the full amount of money that will reasonably and fairly compensate
Plaintiff PETER HOLLAND for all damages caused by the wrongful conduct of
defendants, even if PETER HOLLAND was more susceptible to injury than a normally
healthy person would have been, and even if a normally healthy person would not have
suffered similar injury or no injury at all.

Source: Judicial Council Of California Civil Jury Instruction 3927, Judicial Council Of
California Civil Jury Instruction 3927.

Proposed Jury Instructions

<u>Holland v Third & Mission Associates, LLC et al.</u>

<u>Disputed Instruction No. 27 re "Waiver/Good Faith" offered by Defendants</u>

### Affirmative Defense - Waiver of Claim / Acting in Good Faith

Both Plaintiff and Defendants must participate in an interactive process to address a request for accommodation. The interactive process requires communication and good faith exploration of possible accommodations between the Plaintiff and Defendant. A party that obstructs or unreasonably delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.

If you determine that a breakdown in the interactive process is the cause of the failure to provide Plaintiff with a reasonable accommodation, you must determine if the actions or inactions of Plaintiffs or Defendants caused the breakdown. Liability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who refuses to participate in good faith.

*Authorities: Ducre v. Veolia Transp.*, 2011 U.S. Dist. LEXIS 158897, at *1. (C.D.Cal. 2011, No. CV 10-02358 MMM); *Montano v. Bonnie Brae Conv. Hosp.*, 79 F.Supp.3d 1120, 1127-1128 (C.D. Cal., 2015); *Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Com.* (2004) 121 Cal.App.4[th] 1578, 1598.

Proposed Jury Instructions

Holland v Third & Mission Associates, LLC et al.

Instruction No. 28 re "Mitigation of Damages" offered by Defendants

**Damages - Mitigation**

If you find that Plaintiffs were injured as a result of conduct by Defendants, you must determine whether Plaintiffs could have done something to lessen the harm suffered.

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. This duty requires Plaintiff to do no more than is reasonable to avoid damages. Defendants have the burden to prove by a preponderance of the evidence that Plaintiffs could have lessened or reduced the harm done and failed to do so.

If Defendants establish by a preponderance of the evidence that Plaintiffs could have reduced the harm done to Plaintiffs but failed to do so, Plaintiffs are entitled only to damages sufficient to compensate for the injuries which they would have suffered had Plaintiffs taken appropriate action to reduce the harm.

Authorities: Ninth Circuit Manual of Model Jury Instructions – Civil 5.3 (as modified); *Silver Sage Partners, LTD v. City of Desert Hot Springs, 251 F.3d 814, 825* (9th Cir. 2001); *Castellano v. Access Premier Realty7, Inc., 2015 U.S. Dist. LEXIS 158078, at *9* (E.D.Cal. Nov. 20, 2015; No. 1:15-CV-00407)