1  Arif Virji (SBN 130322)
   Michael D. McConathy (SBN 202982)
2  LYNCH, GILARDI & GRUMMER
   A Professional Corporation
3  170 Columbus Avenue, 5th Floor
   San Francisco, CA  94133
4  Telephone:     (415) 397-2800
   Facsimile:     (415) 397-0937
5  Email: *avirji@lgglaw.com*
          *mmcconathy@lgglaw.com*
6
   Attorneys for Defendants
7  THIRD AND MISSION ASSOCIATES, LLC; and
   RELATED MANAGEMENT COMPANY, L.P.
8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12  PETER HOLLAND and KRISTEN          Case No.:  4:15-cv-03220 JSW (EDL)
    HOLLAND,
13                                     **DEFENDANTS' BRIEF RE DISPUTED**
                 Plaintiffs,           **JURY INSTRUCTIONS**
14
          v.                           Trial Date:     September 18, 2017
15
    THIRD AND MISSION ASSOCIATES,
16  LLC; RELATED MANAGEMENT
    COMPANY, L.P.; and DOES 1 through 10,
17  inclusive,

18               Defendants.

19

20          In conjunction with Rule 2(a) and 2(b) of the Court's Pre-Trial Conference "Guidelines"

21  (Civil), Defendants THIRD AND MISSION ASSOCIATES, LLC, and RELATED

22  MANAGEMENT COMPANY, L.P, submit this brief to review the Special Jury Instructions

23  proposed by Plaintiffs which Defendants' contend either are 1) unnecessary [Rule 2(a)], or 2)

24  should be modified [Rule 2(b)].  Reference to Jury instruction numbers are made to the version

25  filed with the Court on 7/17/17.

26  ///

27  ///

28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

A. **UNNECESSARY SPECIAL JURY INSTRUCTIONS (PROPOSED BY PLAINTIFFS)**.

**Instruction No. 8 ("Undue Burden").**  Plaintiff included "Undue Burden" as a special jury instruction to be read in conjunction with the other liability instructions and definitions. Defendants' contend that under the FHA and FEHA statutes, an accommodation request need not be accepted by the housing provider if it would pose "an undue financial or administrative burden."  *Bryant Woods Inn. v. Howard County*, 124 F.3d 597, 604 (4th Cir. 1997) [Reasonable accommodations do not require accommodations which impose "undue financial and administrative burdens"].  Defendants' contend this wording suggests that "undue financial or administrative burden" (and particularly Defendants' affirmative defense of "Undue Administrative Burden") should be presented as an affirmative defense at trial.  Defendants have addressed this defense in Special Instruction #24.

**Instruction No. 11 ("Work as a Major Life Activity").**  Plaintiffs have proposed Instruction 11, and seek to define "major life activity" to include "working."  However, in this case, Plaintiffs contend that Peter Holland is 100% permanently disabled and cannot work. (Plaintiffs' Motion in Limine #4; Pre-Trial Conference Statement, Stipulated Facts; P. Holland Depo., 136:4-13; Dkt. No 126).  Since this fact is stipulated, an instruction regarding jury evaluation of Plaintiffs' ability to work is irrelevant and confusing.  This instruction is unnecessary.

**Instruction No. 16 (Treble Damages – DPA).**  Plaintiffs provide an altered version of the DPA statutes (Cal. Civ. Code §54.3(a)) to suggest that Defendant is liable for treble damages as stated.   This statute provides: "Any person or persons, firm or corporation who denies or interferes with … the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000)…"  The instruction offered modifies this slightly by removing "incurred."  Defendants have addressed this in proposed instruction #14 ("DAMAGES-PROOF") such that including it here in a separate instruction is unnecessary.

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS
CASE NO. 4:15-CV-03220 JSW                                                                 PAGE 2

**Instruction No. 17 (Treble Damages – Cal. Civ. Code §3345).** Plaintiffs provide an additional instruction citing to Cal. Civ. Code §3345, and suggest that treble damages should be awarded there as well. However, Civ. Code §3345(a) states that it is intended to protect senior citizens or disabled persons and to "redress unfair or deceptive acts or practices or unfair methods of competition." Plaintiffs' 1st Amended Complaint includes no causes of action for deceptive or unfair business practices. (Dkt. No. 63). Rather, the complaint includes three causes of action for housing discrimination based on an alleged failure to provide reasonable accommodation, and then generally alleges the housing discrimination was an unfair business practice. (Dkt. No. 63 at ¶20). Plaintiffs cite no controlling authority that DPA treble damages can be trebled *again* under Civ. Code §3345, and there is no support for a Section 3345 instruction based on the facts pled.

Plaintiffs reference *Novick v. UNUM Life Ins. Co.*, 570 F.Supp.2d 1207, 1209 (C.D. Cal. 2008), but this case was an insurance bad faith claim. Numerous courts have held that §3345 allows treble recovery of punitive damages when a plaintiff in an insurance bad faith tort seeks punitive damages under § 3294. See *Alberts I*, 2014 WL 2465121, at *5-6 [holding that § 3345 allows treble recovery of punitive damages in insurance bad faith claims]); *Copeland v. Liberty Life Assurance*, 2015 U.S. Lexis 90764, at *16-17 (N.D. Cal. 2015; case # 15-CV-01487) [treble recovery of punitive damages applicable in bad faith case]). This is not an insurance bad faith case.

Plaintiffs also cite *Clark v. Superior Court* (2010) 50 Cal.4th 605, but this case also did not evaluate Section 3345 to Disabled Persons Act/DPA claims. The *Clark* case dealt with California's unfair competition law (UCL / Cal. B&P Code 17200), and held that since the UCL statute provided restitution which is punitive remedy, it would not apply. *Id*. at 614. Plaintiffs have already sought treble damages under Cal. Civ. Code Section 54.3(a), and seek punitive damages under Civ. Code §3294. It cannot seek a second penalty under Section 3345.

**Instruction No. 18 (Treble Damages – Cal. Civ. Code §3345).** In an effort to further justify the treble-treble damages sought in Instruction #17, Plaintiffs ask the jury to treat any

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

3

1  FEHA violation as an "unfair business practice."  Plaintiffs cite to *Hernandez v. Stabach* (1983)

2  145 Cal.App.3d 309, 315, and Cal. B&P Code §17200 in support.  Plaintiffs' 1st Amended

3  Complaint (Dkt. No. 63) does not include a Section 17200 cause of action, and the *Hernandez*

4  decision was limited to a 17200 claim only.

5  In *Hernandez*, a group of tenants claimed retaliation for challenging dangerous housing

6  conditions (including overcrowding), and the court determined that those specific circumstances

7  could support an "unfair business practice" claim under B&P §Code 17200.  This was a

8  habitability/eviction case, and did not apply the DPA. Plaintiffs have not alleged Section 17200

9  as a cause of action, have not alleged retaliatory eviction, nor any of the habitability claims in

10  *Hernandez*.  This case is entirely inapplicable to the housing accommodation claims by Mr.

11  Holland.

12  Plaintiffs' Instruction #18 suggests that a housing violation under FEHA constitutes an

13  "unfair business practice" – but none of the authorities cited support this.  The *Novick* case

14  (reviewed above) involved enhancement of punitive damages in a bad faith insurance setting,

15  which is inapplicable here.  And the *Henrandez* case applied Cal. B&P Code §17200, not FEHA.

16  This is a housing discrimination claim filed by a disabled person, and the 3 statutes provide

17  adequate remedies.  Section §17200 was never alleged in the complaint, and referencing it now

18  in this jury instruction is improper and confusing.

19  **Instruction No. 21 (Pretext).**  Plaintiffs seek to include a jury instruction referencing

20  "pretext" (in this housing accommodation case), as a basis to support punitive damages.   The

21  term pretext is used in FEHA employment cases to carry Plaintiffs' burden to challenge an

22  employer's action against an employee.  (See, e.g., *FEHA v. Lucent Techs., Inc*., 642 F.3d 728,

23  746 (9th Cir. 2011) [Plaintiff may establish pretext "directly by persuading the court that a

24  discriminatory reason more than likely motivated the employer or indirectly by showing that the

25  employer's proffered explanation is unworthy of credence]).  But this is a housing

26  accommodation case, and pretext (or false excuses) does not apply.  The FEHA and FHA rules

27  simply require the jury to decide whether an accommodation was necessary/reasonable, whether

28

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS                    PAGE 4
CASE NO. 4:15-CV-03220 JSW

reasonable alternatives were provided, and whether reasonable accommodations were rejected.

Further, the wording of this instruction is misleading, since it suggests that pretext evidence should be used to support a punitive damages finding. Civ. Code §3294(a) provides that punitive damages are available in "an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages… for the sake of example and by way of punishing the defendant." Oppression, fraud and malice are defined in the statute, and have been explained in Special Jury Instruction #20. Plaintiffs provide no authority that legal "pretext" applies to FEHA housing discrimination matters, or that legal pretext should be used by the jury to determine punitive damages

Plaintiffs cite to *Cloud v. Casey* (1999) 76 Cal.App.4[th] 895, 911. This was an employment gender-discrimination where the court allowed pretext evidence to support sexual discrimination. This case does hold or even suggest that pretext evidence should be used to support punitive damages. It also does not hold that pretext evidence is appropriate in evaluation of housing discrimination claims under FHA, FEHA or DPA. There is no support for this instruction, and it is unnecessary in light of the punitive damages instructions.

**B. BASIS FOR OFFERING MODIFIED/ALTERNATIVE JURY INSTRUCTIONS.**

**Instruction No. 1 ("Discrimination Prohibited – FHA").** Defendants request an alternative / expanded version of Plaintiffs' instruction in order to cite the entire FHA rule. The FHA statutes define housing "discrimination" to include: "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 USC §3604(f)(3)(B). Defendants do not challenge the use of "disability" in the instruction. Rather, they suggest that the entire rule be used – referencing "rules, policies, practices or services" and including the descriptive language regarding "equal opportunity to use and enjoy a dwelling." Without the complete definition, the instruction is misleading and unhelpful, and the jury could

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

5

DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS                    PAGE 5
CASE NO. 4:15-CV-03220 JSW

easily be confused.

**Instruction No. 2 ("Discrimination Prohibited – FEHA").**  Defendants request an alternative / expanded version of the FEHA violation description.  Plaintiffs instruction relies on Cal. Govt. Code §12927(c)(1) to suggest a denial of reasonable accommodation.  But this ignores the critical elements of a FEHA claim.  FEHA describes discrimination as including "refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling."  Cal. Govt. Code §12927(c)(1)(last 3 lines).  This complete language is necessary for the jury to understand the FEHA elements.  To suggest that the denial of any accommodation request is a FEHA violation is incorrect, and the instruction would confuse/mislead the jury.

**Instruction No. 4 ("Disability Discrimination/Housing – Elements of Claim").**  The parties generally agree on the disability discrimination elements, as defined in *Giebler v. M&B Assoc.*, 343 F.3d 1143, 1147 (9th Cit. 2003).  However, Defendants request that a 5th element ("the requested accommodation is reasonable") also be included in the instruction.  This element was added in the *Dubois* case, which interpreted and explained the elements from *Giebler*:

> "To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation."  (*Dubois v. Ass'n of Apt. Owners*, 453 F.3d 1175, 1179 (0th Cir. 2006)

 Defendants simply request that this more recent and complete decision reviewing the prima facie case be used and applied by the jury.

**Instruction No. 5 ("Burden of Proof – Denial of Reasonable Accommodation").**

Plaintiffs' instruction cites an incorrect or at least incomplete "burden of proof" to apply in the housing accommodation analysis.  This issue was briefed in conjunction with Defendants' opposition to Motion in Limine #2, so will be reviewed again only briefly here.

Plaintiffs' Instruction #5 suggests that Peter Holland need only "minimally" prove that his

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

6

accommodation request was reasonable.  Then the burden shifts to the housing provider to prove/disprove the remaining elements.  But this standard was expanded and explained in a 2016 decision in the Northern District.  In *Huynh v. Harasz*, this Court court explained the *Giebler* two-part test to determine whether a particular accommodation is "reasonable" under FHA:

First, plaintiffs must prove causation by showing that, but for the accommodation, they likely will be denied an equal opportunity to enjoy their unit.  "Without a causal link between defendants' policy and the plaintiffs' injury, there can be no obligation on the part of defendants to make a reasonable accommodation."  *Giebler, supra,* 343 F.3d at 1155.  Second, <u>plaintiffs must establish</u> that the requested accommodation was reasonable – "one that imposes no fundamental alterations in the nature of the program or undue financial or administrative burdens."  *Huynh v. Harasz*, 2016 U.S. Dist. LEXIS 63678 at *39-40, Case No. 14-CV-02367 (N.D. Cal., 5/12/16).  *Giebler, supra,* 343 F.3d at 1157.

Plaintiffs describe the first *Giebler* prong as "minimal," and suggests that this court has already ruled in their favor based on the 7/23/15 Preliminary Injunction order (Dkt. No. 31).  Defendants have disputed such a finding in opposition to Plaintiffs' MILs 1 & 2.  And relevant here, under the *Huynh* decision, the Plaintiffs bear the burden of proving both causation and reasonableness of the request.  Defendants' version of Instruction #5 more accurately describes the applicable burdens and should be used here.

**Instruction No. 7 ("No Obligation to Accept Alternative Accommodations").**

Plaintiffs and Defendants both request an instruction on this topic.  Defendants' instruction suggests they are not required to accept Plaintiffs' accommodation request, as long as an alternative reasonable accommodation is provided.  This rule was reviewed in *Grantz v. State Farm Mut. Ins. Co.*, 420 Fed. Appx. 692, 694 (9th Cir. 2011), in an employment setting, which provided that the defendant need not "choose the *best* accommodation or a specific accommodation; it only entitles him to a reasonable one."  This issue was also reviewed in *Zatopa v. Lowe*, 2002 U.S. Dist. LEXIS 29104, at *21-22 (N.D. Cal. 8/7/02), which reviewed that "[b]oth the Supreme Court and the Ninth Circuit have held in analogous cases that an

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

7

DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS                    PAGE 7
CASE NO. 4:15-CV-03220 JSW

accommodation need not satisfy the particular preferences of the disabled person to be reasonable." Defendants' proposed instruction tracks this rule exactly, and makes clear that Defendants are not obligated to accept whatever accommodation is demanded by the Plaintiff.

Plaintiffs' instruction suggests that it was Defendants' obligation to accept Plaintiffs' various housing accommodation requests since only he has "the most accurate knowledge about the functional limitations" of his disability.  In support they cite *Book v. Hunter* (D. Or., Mar. 21, 2013, No. 1:12-CV-00404-CL) 2013 WL 1193865, at *3.  This case offers no legal support on this topic on page 3, but will be analyzed anyway.  The *Book* case involved a rental applicant who claimed housing discrimination based on her ownership of a companion animal.  The Oregon district court there, after a bench trial, awarded $12,000 in emotional distress damages because the housing provider failed to engage in an interactive process.  The case does not hold that **only the Plaintiff** knows whether an accommodation is effective or not. Rather, the decision quotes a portion of a 2004 DOJ "Joint Statement" which provides "providers should be aware that persons with disabilities typically have the most accurate knowledge about the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if the she believes it will not meet her needs and her preferred accommodation is reasonable." (*Id*. at *9-10).   This reference to the DOJ statement is not legal authority.  Further, the statement says "typically" which is not conclusive, and is not included in Plaintiffs' Jury instruction #7.  As such, Plaintiffs' proposed instruction is unsupported and should be rejected.

**Instruction No. 9 ("Physical or Mental Impairment").**  Instruction 9 references "physical or mental impairment" as a requirement to find handicap (or disability).  However, Plaintiff's disability is PTSD, and he has never claimed a physical impairment.  Therefore, Defendants' version simply modifies the instruction to reference "mental impairment" only under the FHA.

**Instruction No. 13 ("Aggrieved Person").**  Plaintiffs' version of Instruction #13 re-states the "aggrieved person" definition under 42 USC §3602(i) [defining aggrieved person as

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

8

"any person who: (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur]. Plaintiffs' version provides no further explanation and does little to assist the jury. Defendants' version seeks to expand and explain this definition further, and relies on the U.S. Supreme Court decision in *Bank of America v. City of Miami*, 197 L.Ed.2d 678, 689-690, 137 S. Ct. 1296 (2017) ["As we have explained, proximate cause generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct"]. The Supreme Court there, in the context of aggrieved persons, held that proximate cause for recovery under the FHA requires "some direct relation between the injury asserted and the injurious conduct alleged." The aggrieved person analysis (applicable to Plaintiff Kristen Holland) cannot be completed in a vacuum, and the causation requirement must be explained to the jury. Defendant's instruction does this.

**Instruction No. 14 ("Damages - Proof").** Plaintiffs' instruction provided a general description of damages, which Defendants' mirrored. But Plaintiffs' instruction provides no definition about the damages they seek. Defendants' instruction simply expands the definition for actual damages used in the FHA, FEHA and DPA. It reviews the basic legal tenant that actual damages = special damages + general damages. The instruction also provides the language from Plaintiffs' Instruction #16 regarding treble damages under the DPA, since it fits better here.

**Instruction No. 15 ("Measures of Types of Damages").** As with Plaintiffs' proposed Instruction #14, Plaintiffs' instruction #15 provides terms but no definition or guidance. Defendants suggest that the instruction should instruct the jury what the different types of damages under "actual damages" can be: economic/special damages or non-economic/general damages. These descriptions come directly from the California Model Jury Instruction 3902, and California BAJI instruction 14.76 which was modified from the following:

"Economic damages" means [objectively verifiable] monetary losses such as [past and future] [medical expenses,] [loss of [past and future] earnings,] [burial costs,] [loss of use of property,] [costs of [repair] [or] [replacement],] [costs of obtaining domestic services,]

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS
CASE NO. 4:15-CV-03220 JSW
PAGE 99

1    [loss of employment] [and] [loss of business or employment opportunities].

2    Non-economic damages" means [subjective] non-monetary losses such as [pain,
3    suffering, inconvenience, mental suffering, emotional distress,] [loss of society and
     companionship,] [loss of consortium,] [humiliation] [and] [injury to reputation]."

4    Simply put, some definition of the categories of damages to be considered must be
5    explained to the jury to avoid confusion and misapplication of the other instructions provided.

6    **Instruction No. 20 ("Punitive Damages").**  Plaintiffs' Instruction #20 cites a portion of
7    the Ninth Circuit Model Instruction 5.5.  But important portions of this Rule 5.5 are excluded
8    regarding using reason, avoiding bias, and other restrictions.  In fairness, the jury should be
9    allowed to hear and apply these factors.

10   Except for the 2nd paragraph, the rest of Defendants' instruction is copied from Ninth
11   Circuit Model Rule 5.5  As for Paragraph 2, it expands and further defines the proposed language
12   provided by Plaintiff, and recites the **_different_** standards for punitive damages under
13   FHA/federal law (preponderance of the evidence), and under FEHA & DPA/state law (clear &
14   convincing evidence) [Code Civ. Proc. §3294(a) provides: "In an action for the breach of an
15   obligation not arising from contract, where it is proven by clear and convincing evidence that the
16   defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual
17   damages, may recover damages for the sake of example and by way of punishing the
18   defendant."]  Defendants contend that both proof standards must be identified, and note that the
19   standards are defined in Ninth Circuit Model Rule 1.6 & 1.7, which the parties have agreed to
20   use.   As such the expanded instruction provided by defendants is appropriate.

21                                        Respectfully submitted,

22   Dated: July 17, 2017                 LYNCH, GILARDI & GRUMMER
23                                         A Professional Corporation

24

25                                        By: _/s/ Michael D. McConathy_
                                              Arif Virji
26                                            Michael D. McConathy
                                          Attorneys for Defendants
27                                        THIRD AND MISSION ASSOCIATES, LLC and
                                          RELATED MANAGEMENT COMPANY, L.P.
28
                                                 10

Lynch, Gilardi
& Grummer
170 Columbus Ave.,
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

*Holland, et al. v. Related Management Co., L.P., et al.*
United States District Court, Northern District of California, Case No. 4:15-CV-03220 JSW (EDL)

## CERTIFICATE OF SERVICE

The undersigned certifies:

   I am, and was at all times herein mentioned, a citizen of the United States, over the age of 18 years and not a party to this action or proceeding. My business address is 170 Columbus Avenue, Fifth Floor, San Francisco, California 94133.

   On July 17, 2017, the following document(s):

## DEFENDANTS' BRIEF RE DISPUTED JURY INSTRUCTIONS

were served via ECF for the Northern District of California, USDC, as follows:

| | |
|---|---|
| Steven L. Derby, Esq.<br>Celia McGuinness, Esq.<br>DERBY, MCGUINNESS & GOLDSMITH, LLP<br>200 Lakeside Dr., Suite A<br>Oakland, CA 94612<br>(510) 987-8778<br>**Fax (510) 359-4419**<br>Email: *info@dmglawfirm.com* | Attorneys for Plaintiffs<br>PETER HOLLAND and KRISTEN HOLLAND |

   I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct. Executed on July 17, 2017 at San Francisco, California.

_____
Lisa M. De Zordo