STEVEN L. DERBY, Esq. (SBN 148372)
CELIA MCGUINNESS, Esq. (SBN 159420)
DERBY, McGUINNESS & GOLDSMITH, L.L.P.
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
info@dmglawfirm.com

Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HOLLAND and KRISTEN HOLLAND<br><br>Plaintiffs,<br><br>v.<br><br>THIRD AND MISSION ASSOCIATES, LLC; RELATED MANGEMENT COMPANY, L.P.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 4:15-cv-03220 JSW-EDL<br><u>Civil Rights</u><br><br>**PLAINTIFFS' BRIEF ON DISPUTED JURY INSTRUCTIONS**<br><br><u>Pretrial Conference</u><br>Date:         July 31, 2017<br>Time:        2:00 p.m.<br>Location:  1301 Clay Street<br>                  Courtroom 5 – 2nd Floor<br>                  Oakland, CA 94612<br>Judge:       Hon. Jeffrey S. White |

**1. Disputed Instruction No. 1.: Discrimination Prohibited – FHA**

Plaintiffs' version says:

It is a violation of the Fair Housing Act (FHA) to deny a person with a handicap's request for reasonable accommodation.

Authority: 42 USCA § 3604(f)(3)(B)

Defendants' version adds prepositional phrases:

It is a violation of the Fair Housing Act (FHA) to deny a person with a handicap (as defined in the FHA)'s request for reasonable accommodation *in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.*

Authority: 42 USCA § 3604(f)(3)(B)

The added prepositional phrases are redundant of other instructions and confusing. The

- 1 -

(undisputed) definition of "reasonable accommodation" (Add'l Substantive Instruction No. 3) already incorporates the concept of "necessary to afford equal opportunity." "Reasonable Accommodation" means "a change in policies, programs or procedures which allows a person with a handicap in the case of the FHA or a disability in the case of the FEHA, to have the same use and enjoyment of their dwelling as someone without their disability or handicap."

Thus, Defendants' version of this "Discrimination Prohibited" instruction reiterates a concept already defined. Furthermore, it does so in language that is both different and less explanatory. The difference in terminology will confuse the jury.

**2.  Disputed Instruction No. 2:  Discrimination Prohibited – FEHA**

The alternative here suffers from the same problem as the previous instruction. It adds language that is duplicative, unnecessary and confusing.

**3.  Disputed Instruction No. 4:  Denial of Reasonable Accommodation – Elements of Claim**

Defendants' alternative does not state the law correctly, duplicates another undisputed instruction and introduces the potential to confuse the jury with conflicting definitions of "reasonable." Plaintiffs' instruction reads:

> Plaintiff PETER HOLLAND claims that defendants denied his request for reasonable accommodation of his handicap. To establish this claim, Plaintiff must prove all of the following:
>
> (1) he suffers from a handicap as defined by the statute;
> (2) defendants knew or reasonably should have known of the plaintiff's handicap;
> (3) accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and
> (4) defendants refused to make such accommodation.

This language is taken straight from the controlling authority: *Giebeler v. M & B Associates*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)). Giebeler, the seminal case on the elements of an FHA claim, ruled that the elements are as follows:

> a plaintiff must demonstrate that (1) he suffers from a handicap as defined by the FHAA; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the handicap may be necessary to afford plaintiff an equal opportunity

- 2 -

to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Id.* at 1147.  Plaintiffs' proposed instruction tracks *Giebeler* exactly.

Defendant's proposed alternative adds a fifth element that "the requested accommodation is reasonable."  This language apparently comes from *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175 (9th Cir. 2006).  *Dubois*, inexplicably, does include "reasonableness" as a separate element.  *Id.* at 1179.  For authority, it cites to the statute, 42 U.S.C. § 3604(f)(3)(B) and *California Mobile Home*, 107 F.3d at 1380.  Neither of those authorities mentions "reasonableness" as a separate element of the claim.  Furthermore, *Dubois* does not explain why it included the additional element.  It never even discusses reasonableness.  The issue in Dubois was whether the landlord had refused to grant the request.  *Id.*

*Dubois* also cites to a HUD ALJ ruling, *HUD v. Riverbay Corp.*, HUDALJ 02-93-0320-1 (Sept. 8, 1994), which does add "reasonableness" as a fifth element.  The ALJ ruling merely cites to another ALJ ruling.  ALJ rulings have no precedential value.  *United States v. $4,931.28 in Bank Account Funds From Golden State Bank Account No. '2059.*, No. 8:15-cv-0426 DOC (RNBx), 2017 WL 776644, at *5 (C.D. Cal. Feb. 27, 2017).  In short, although *Dubois* inexplicably does add that fifth element, it is not supported by any Ninth Circuit analysis.

Similarly, FEHA does not include "reasonableness" as a separate element of the plaintiff's case.  FEHA is proved "where the plaintiff shows that she is a member of a protected class, that she applied and was qualified for a housing accommodation, was denied such housing accommodation, and that similarly situated individuals not in a protected class applied for and obtained housing." *McDonald v. Coldwell Banker*, 543 F.3d 498, 503 (9th Cir. 2008).  The CDPA has the same elements as FEHA.  *Montano v. Bonnie Brae Convalescent Hosp.*, Inc., 79 F. Supp. 3d 1120, 1132 (C.D. Cal. 2015).  Adding a fifth "reasonableness" element to the FHA instruction will cause a conflict with the elements of the FEHA and DCPA causes of action, which are otherwise identical to FHA and are required to be interpreted congruently.  *Giebeler*, 343 F.3d at 1149.

Furthermore, the concept of "reasonableness" that Defendants are trying to capture is already adequately presented in the very next instruction, "Burden of Proof – Denial of

Reasonable Accommodation" (Disputed Instruction No. 5), which states the law correctly:

> The party requesting accommodation bears the initial burden of showing that the request is "reasonable" – meaning possible or not unusual. Once this minimal showing is made, the burden shifts to the landlord to either disprove reasonableness, or to show that granting the accommodation would impose an undue burden. A landlord may not force a tenant to accept alternate accommodations if the accommodation requested by the tenant is reasonable and not an undue burden on the landlord.

*See Book v. Hunter*, No. 1:12-CV-00404-CL, 2013 WL 1193865, at *3-4 (D. Or. Mar. 21, 2013).

Clearly, the "reasonableness" concept that Defendants are trying to capture is not an element of the claim but rather, a minimal prima facie showing.

Introducing the concept of "reasonableness" into the elements of the claim instruction will serve to confuse the jury because Defendants' proffered instruction does not define "reasonable" or inform the jury what kind of burden-shifting analysis it should employ. The Court should reject Defendants' proposed alternative instruction here, in favor of giving Plaintiff's instruction along with the "Burden" instruction that Plaintiff also proposes.

**4.  Disputed Instruction No. 5:  Burden of Proof – Denial of Reasonable Accommodation**

Plaintiffs' instruction states the law accurately.  Defendants' proposed alternative instruction is not supported by authority.  Plaintiffs' proposed instruction reads:

> The party requesting accommodation bears the initial burden of showing that the request is "reasonable" – meaning possible or not unusual. Once this minimal showing is made, the burden shifts to the landlord to either disprove reasonableness, or to show that granting the accommodation would impose an undue burden. A landlord may not force a tenant to accept alternate accommodations if the accommodation requested by the tenant is reasonable and not an undue burden on the landlord.

*Book v. Hunter*, No. 1:12-CV-00404-CL, 2013 WL 1193865, at *3-4 (D. Or. Mar. 21, 2013). This instruction is consistent with model instructions that describe prima facie burden shifting in other areas of law.

Defendants' proposed alternative instruction states:

> You should apply a two-part test to determine whether a particular accommodation was "reasonable."
>
> First, you must decide if plaintiffs have proven causation by showing that, but for the accommodation, they likely would have been denied an equal

- 4 -

> opportunity to use and enjoy their unit. There must be a causal link between defendants' policies and the plaintiffs' injury to establish a need for the reasonable accommodation. Second, Plaintiffs must prove that that the requested accommodation was reasonable. For it to be reasonable, the accommodation must not impose an undue financial or administrative burden on Defendants, and must not fundamental alter Defendants' operations.

Defendants cite to 42 U.S.C. §3604(f); *Giebler*, 343 F.3d at 1147, 1155 & 1157; and *Huynh v. Harasz*, No. 14-CV-02367-LHK, 2016 WL 2757219, 2016 U.S. Dist. LEXIS 63678 at *39-40, Case No. 14-CV-02367 (N.D. Cal., 5/12/16). "A two-part test" does not appear in the statute or in *Giebeler*. *Huynh* initially makes reference to a "two-part test" but then engages in a mid-course correction by stating the correct test, which is a burden of production, not a burden of proof:

> plaintiff has the burden of showing the existence of a reasonable accommodation that would have enabled him to perform the essential functions of an available job." "To avoid summary judgment," a plaintiff "need only show that an accommodation seems reasonable on its face, i.e., ordinarily or in the run of cases.

*Huynh*, 2016 WL 2757219, at *17.

Although for its own purposes *Huyhn* considered some of them together, the jury must consider them separately. Each of the concepts in Defendants' alternative instruction is already presented separately, in an orderly fashion, elsewhere in these instructions. "Causal link" is adequately covered in the previous instruction that lists the elements of the claim. "Reasonableness," as discussed in the context of the previous instruction, is a prima facie, burden-shifting concept, not an element. "Undue burden" and "fundamental alteration" are affirmative defenses. The former is defined in its own instruction. The latter has never been raised in this case. The Court should reject Defendants' proposed alternative instruction as redundant at best and confusing at worse.

**5. Disputed Instruction No. 7: No Obligation to Accept Alternative Accommodations**

Plaintiffs' proposed instruction states:

> No Obligation to Accept Alternative Accommodations
>
> Persons with disabilities typically have the most accurate knowledge about

- 5 -

> the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if the he believes it will not meet his needs and his preferred accommodation is reasonable.

Plaintiff is not obliged to accept alternative accommodations if his requested accommodation is not reasonable. That unassailable fact is stated in the HUD/DOJ Joint Statement on Reasonable Accommodations and was adopted by *Book v. Hunter*, No. 1:12-CV-00404-CL, 2013 WL 1193865, at *3 (D. Or., Mar. 21, 2013). The proposed instruction is good law, assists the jury, and should be given whether or not the Court gives some version of Defendants' proposed alternative instruction. Plaintiffs urge this Court not to give the alternative instruction under any circumstances, however, because it does not state the law correctly.

Defendants' proposed alternative statement states:

> In responding to a request for a handicap accommodation, the housing provider is obligated to offer a reasonable accommodation if necessary to afford equal opportunity to use and enjoy the dwelling. However, in making such an offer, the housing provider is not obligated to accept whatever accommodation is demanded by the Plaintiff.
>
> Authority: *Grantz v. State Farm Mut. Auto. Ins. Co*., 420 Fed. Appx. 692, 694 (9th Cir. 2011); *Zatopa v. Lowe*, 2002 U.S. Dist. 29104, at *21-22 (N.D. Cal. 8/7/02).

This is almost the exact opposite of Plaintiffs' instruction. It places the burden on the tenant, whereas Congress intended and the prevailing authority concludes, the burden should be on the housing provider.

Defendants' error arises from looking to employment cases for guidance. As correctly stated in *Grantz*, under FEHA an employer is not required to grant the precise accommodation requested by an employee or applicant. *Grantz,* 420 Fed. Appx. at 694.[1] However, this is an area where the analysis of FEHA and FHA, and of employment discrimination and housing discrimination, diverge. In housing, the landlord must accept the tenant's accommodation request so long as it is reasonable and not unduly burdensome. "'[W]hile not every accommodation chosen by a disabled person is 'reasonable,' a [housing provider] is not permitted to survey the universe of possible accommodations or modifications

---

[1] Plaintiffs' counsel were unable to find a case called *Zatopa v. Lowe* with the citation Defendants provided.

- 6 -

and determine for the individual what, in its estimation, is the best or most 'reasonable' approach.'" *Kuhn by and through Kuhn v. McNary Estates Homeowners Association, Inc.*, 228 F.Supp.3d 1142 (D. Or. 2017), quoting *Alboniga v. Sch. Bd. of Broward Cnty. Fla.*, 87 F.Supp.3d 1319, 1339–40 (S.D. Fla. 2015).  Because Defendants do not produce any authority on housing discrimination supporting their proposed alternative instruction, it should be denied.

### 6. Disputed Instruction No. 9: "Physical or Mental Impairment"

Plaintiffs' and Defendants' instruction are identical except that Plaintiff adds one sentence at the end:  "Major life activities are the normal activities of living that a nondisabled person can do with little or no difficulty, such as working and interacting with others." Defendants' proposed alternative instruction does not define "major life activities," so the Court should reject it.

### 7. Disputed Instruction No. 13: "Aggrieved Person" Defined

Plaintiffs submitted an instruction for the jury to determine whether Kristen Holland is an "aggrieved person" under the FHA, FEHA and CDPA.  It states,

> Plaintiff KRISTEN HOLLAND claims to be an "aggrieved person" who is entitled to claim her own damages for harm and loss that she has suffered due to defendants' denial of her husband, Plaintiff PETER HOLLAND's request for reasonable accommodation. An "aggrieved person" is someone who has herself suffered her own injury or harm as a result of the conduct of the defendants.
>
> Authority: 42 USCA § 3602(i)

This instruction is simple and tracks the statutory language.  Defendants propose a different instruction which includes reference to proximate cause that is unnecessarily complicated:

> Aggrieved Person – Standards for Recovery
>
> Plaintiff KRISTEN HOLLAND claims she is an "aggrieved person" entitled to recover her own personal damages in this action. An "aggrieved person" includes any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes they will be injured by a discriminatory housing practice that is about to occur. This definition should be applied broadly.

- 7 -
PLAINTIFFS' BRIEF ON DISPUTED JURY INSTRUCTIONS
CASE NO. 4:15-cv-03220 JSW

> To recover damages, KRISTEN HOLLAND must prove she is an "aggrieved person" under the discrimination statutes, and she must also prove that Defendants' alleged conduct proximately caused her damages. Proximate cause requires some direct relationship between the injury asserted and the injurious conduct alleged. If you conclude that her alleged injuries are too remote from the alleged unlawful conduct, then you should not award her damages.
>
> Authority: 42 USC §3602(i); *Bank of America v. City of Miami*, 197 L.Ed.2d 678, 687 & 690, 137 S. Ct. 1296 (2017); *Trafficante v. Metropolitan Life*, 409 US 209, 209 (1972).

Defendants' authority merely points out that proximate cause is an issue for damages in disability discrimination cases just as it is in any other tort. A proximate cause instruction on damages generally may be appropriate but it is not appropriate to single out Kristen Holland's damages for a proximate cause instruction.

**8.  Disputed Instruction No. 14: Damages – Proof**

Plaintiff submitted an instruction on damages that tracks closely the Ninth Circuit Manual of Model Jury Instructions:

> It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.
>
> If you find for one or both plaintiffs on damages, then you must determine plaintiff's damages. Each plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:
>
> 1.   General Damages
> 2.   Statutory Damages
> 3.   Treble Damages
>
> It is for you to determine what damages, if any, have been proved.
>
> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

Defendants' instruction, by contrast is unnecessarily complicated and includes concepts that are covered by other instructions. More importantly, it does not instruct the jury that there are three kinds of damages that can be awarded in the liability phase of the trial: general, statutory and

- 8 -

1  treble damages.  Therefore, it is wrong, or at least incomplete.  It reads:

2
> It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict, if any, should be rendered.
3

4
> If you find for one or both plaintiffs, then you must determine plaintiffs' damages.  Each plaintiff has the burden of proving damages by a preponderance of the evidence.
5
> Damages means "actual damages" or the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant.  Actual damages can consist of: (1) special damages, and (2) general damages.
6

7

8
> In addition, for the Disabled Persons Act (DPA) cause of action, damages include actual damages and any amount as you may determine, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).
9

10

> It is for you to determine what damages, if any, have been proven.
11

12
> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

13
> Authority: Ninth Circuit Manual of Model Jury Instruction 5.1 (as modified); 42 USC §3613(c)(1); Cal. Govt. Code §12989.2; Cal. Civ. Code §54.3(a).
14

15  The Court should choose Plaintiffs' instruction, which is more concise and also legally correct.

16

17  **9.   Disputed Instruction No. 15:  Measures of Types of Damages**

18      Plaintiff's instruction states:

19      In determining the measure of damages, you should consider:

20          The nature and extent of the injuries;

21          The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
22

23          The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

24          Source: Ninth Circuit Manual of Model Jury Instructions (as modified)

25  It is an accurate description of the law, straight out of the Ninth Circuit Manual.  Defendant's

26  instruction refers to special or economic damages, which are not claimed in this case.

27  Defendants' instruction reads:

28          The damages claimed by Plaintiffs for the harm allegedly caused by

- 9 -

> Defendants fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.
>
> Economic damages or "special damages" means verifiable monetary losses such as medical expenses, loss of past and future earnings, loss of use of property, and loss of business or employment opportunities.
> Non-economic damages or "general damages" means subjective non-monetary losses such as pain, suffering, inconvenience, mental suffering, and emotional distress.
>
> Authority: BAJI 14.76; CACI 3902

Defendants' instruction should be rejected because it does not reflect the facts of the case.

Plaintiffs claim only non-economic damages.

## 10. Disputed Instruction No. 17: Treble Damages/Civil Code section 3345

Defendants labeled this instruction "disputed" but have not presented an alternative.

Plaintiffs do not know at this time the basis for Defendants' dispute.

## 11. Disputed Instruction No. 18: Unfair Business Practice

Defendants labeled this instruction "disputed" but have not presented an alternative.

Plaintiffs do not know at this time the basis for Defendants' dispute.

## 12. Disputed Instruction No. 19: No Double Recovery

Defendants propose:

> Plaintiffs may recover damages only once for the same injury, even though they seek an award of damages under multiple theories of relief. In this case, Plaintiffs seek damages under three separate legal theories: FHA, FEHA, and the Disabled Persons Act. You are to consider each of these claims as though it were the only claim in this case.
>
> You may award a remedy under any of these theories, but you should not award Plaintiffs twice for the same wrong. Stated differently, Plaintiffs may not recover duplicative damages for the same wrong under different causes of action.
>
> Authorities: *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016); *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017-1019 (Fed. Cir. 2006).

Plaintiff proposes:

- 10 -

> In this case, Plaintiffs seek damages under three separate statutes: The Fair Housing Act, Fair Employment and Housing Act, HA, FEHA, and the Disabled Persons Act. You are to consider each of these claims separately, and rule upon each as though it were the only claim in this case.
>
> You may award a remedy under any of these claims, or you may allocate the total remedy among one or more of them.  But you should not duplicate the damages awarded under different claims.  Award the amount that will compensate Plaintiffs for their total injuries, but not more.
>
> Plaintiffs' Additional Authorities:  *Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016); *Medina v. D.C*., 643 F.3d 323, 326 (D.C. Cir. 2011) (cited in *Teuscher* for *Teuscher's* ruling principle);

Defendants' Instruction is erroneous because its language is limited to determining damages on liability when all the causes of action have the same elements.  It does not apply to punitive damages.  *Patriot Rail Corp. v. Sierra R. Co*., No. 2:09-CV-0009-TLN-AC, 2014 WL 5426446, at *3 (E.D. Cal. Oct. 23, 2014); *Mockler v. Multnomah Cnty*., 1998 WL 166529, at * 5 (9th Cir.1998) (unpublished, offered only to hypothesize how the 9th Circuit might rule); *Martini v. Federal National Mortgage Association*, 178 F.3d 1336 (D.C.Cir.1999).  "[M]ultiple punitive damage awards on overlapping theories of recovery may not be duplicative at all, but may instead represent the jury's proper effort to punish and deter all the improper conduct underlying the verdict." *Mason v. Okla. Turnpike Auth*., 115 F.3d 1442, 1460 (10th Cir.1997), overruled on other gds, *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

**13. Disputed Instruction No. 20: Punitive Damages**

The dispute over this instruction turns on the last two paragraphs in Defendants' proposed instruction:

> If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.
>
> In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.
>
> Authorities: Ninth Circuit Manual of Model Jury Instructions-Civil 5.5 (as modified); *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 538 (1999); *In re*

>  *Exxon Valdez*, 270 F.3d 1215, 1232 (9th Cir. 2001) (holding that preponderance standard applied to punitive damages claim in federal claims, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991); Cal.Civ. Code §3294(a); CACI 3945 & 3946.

This language does not appear in the authorities Defendant cites, particularly not language that the award "should not reflect bias, prejudice or sympathy toward any party." It is not in the Ninth Circuit Manual of Model Jury Instructions-Civil 5.5. Civil Code section 3294 applies to actions against employers in contract. It does not appear in *Kolstad* or in *Exxon Valdez*. It does not appear in the CACI instructions. As Defendants do not support their proposed language with authority, the Court should reject their instruction and read Plaintiffs' instead.

**14. Disputed Instruction No. 21: Pretext**

Defendants labeled this instruction "disputed" but have not presented an alternative. Plaintiffs do not know at this time the basis for Defendants' dispute.

**15. Disputed Instruction No. 22: Plaintiffs Cannot Recover Both Treble Damages and Punitive Damages**

Defendants' instruction states:

> In this case, Plaintiffs have requested both treble damages and punitive damages . But awarding both types of damages would be a prohibited double recovery. Therefore, if you determine that Plaintiffs are entitled to damages – you may award treble damages or punitive damages, but not both.
>
> Authority: Freeman v. Alta Bates Summit Med. Ctr. Campus, No. C-04-2019 SBA, 2004 WL 2326369 at *2-7 (N.D. Cal, Oct. 12, 2004); MCI Comm. Servs. v. Sec. Paving Co., No. 15-CV-01940, 2016 U.S. Dist. LEXIS 49249, at *15 (E.D. Cal. Apr. 12, 2016).

This instruction should not be given because it is an incorrect statement of the law and is not a proper jury charge. None of the cases cited by the defense mirror this situation, where a plaintiff seeks recovery under one theory where punitive damages are available (FHA, FEHA) but seeks enhancement of those damages, including punitive damages, under another statute (in this case, Cal Civil Code Section 3345). Section 3345 allows enhancement of exemplary

damages:

> Beginning with the second prong, California Civil Code § 3294 permits a trier of fact to award punitive damages for conduct constituting malice, fraud, or oppression. See Cal.Code Civ. Pro. § 3294. The language of California Civil Code § 3345 contemplates trebling of punitive damages awards where a trier of fact is authorized by § 3294 to impose punitive damages. Under § 3345, a punitive damages award authorized by § 3294 qualifies as "other penalt[ies], or any other remedy for the purpose or effect of which is to punish or deter" See Cal. Civ.Code § 3345. Accordingly, § 3345 provides for treble punitive damages

*Novick v. UNUM Life Ins. Co. of America*, 570 F.Supp.2d 1207, 1209 (C.D. Cal. 2008).

If the court should disagree with plaintiffs' first argument and orders election of remedies, then the election can only occur after the jury renders its full verdict, including punitive damages if it so finds.  When both treble and punitive damages are permitted, but election must be made, the jury must be allowed to render its full verdict first.  "The fact that such a statutory penalty [treble damages] ... is imposed for a particular wrongful act does not preclude recovery of punitive damages in a tort action where the necessary malice or oppression is shown."  *Marshall v. Brown*, 141 Cal.App.3d 408, 418 (1983).  The Marshall court explained the procedure as follows:

> Any verdict finding compensatory damages must be trebled by the court. Plaintiff may then elect to have judgment entered in an amount which reflects either the statutory trebling, or the compensatory and punitive damages.

*Id.* at 419.  If the jury is instructed -- before they render their verdict including any verdict on the amount of punitive damages -- that they cannot award both treble and punitive damages, then plaintiffs are in effect deprived of their right to elect between the compensatory plus punitive damages or the treble damages.   The Court is both perfectly capable and in the best position to put Plaintiffs to the selection after the jury has rendered its full verdict. Therefore, this instruction should not be given.

**16. Disputed Instruction No. 23:  Affirmative Defenses**

Defendants propose:

If, after considering Plaintiffs' evidence and Defendants' rebuttal of that evidence,

- 13 -

> you find that Plaintiffs have established each and every element of the claims, only then you should concern yourselves with the affirmative defense offered by the Defendants.
>
> With regard to Defendants' defenses, remember that Plaintiffs must disprove the defense by a preponderance of the evidence. You must find that Defendants have established an affirmative defense unless you find that evidence opposing the existence of that defense has more convincing force that the evidence that supports it.
>
> If you find that Plaintiffs have successfully rebutted all defenses, then you must find for the Plaintiffs. If you find that Defendants have established an affirmative defense, then you must find for the Defendant.
>
> *Williams v. Matthews Co.*, 499 F.2d 819, 826 (8th Cir. 1974).

This instruction should not be given because it duplicates Instruction 1.5 (agreed upon by the parties) and because it is not a correct statement of the law. *Williams v. Matthews Co.* bears no relationship to the instruction. The case in question was an appeal of the trial court's granting of a motion to dismiss. *Williams v. Mathews Co.* 499 F2d. at 822. Since there was no trial, the ruling contained no discussion of burden of proof.

Further, the instruction is deceptive in that it confuses burden of proof with the burden of producing evidence and makes it appear as though Plaintiffs have the burden of proof as to Defendants' affirmative defenses. Any instruction given on affirmative defenses should state the issue in terms of what Defendants must prove, not what Plaintiffs must disprove.

**17. Disputed Instruction No. 24: Affirmative Defense – Undue Administrative Burden**

Defendants' proposed version of the instruction contains the following language:

> Defendants are not obligated to accept Plaintiffs' requested accommodation if it would impose an undue financial or administrative burden on Defendants, *or would fundamentally alter the nature of Defendants' operations.*

This instruction should not be given. It incorrectly states Defendants' asserted defenses. Defendants have never claimed fundamental alteration as an affirmative defense and in their most recent answers (Dockets 89 and 90) as well as in their motions *in limine*, they no longer assert an affirmative defense of undue financial burden. Instead, the Court should give Plaintiffs' version, which states both the law and the issues correctly.

- 14 -

**18. Disputed Instruction No. 25: Undue Administrative Burden (Alternative Accommodation)**

Defendants propose:

> If the housing provider reasonably believes a particular requested accommodation would be an undue financial or administrative burden, then they must try to identify another accommodation that will not pose such an undue burden. In doing so, the housing provider may consider whether alternatives exist to accomplish the requested accommodation more efficiently.
>
> If a proposed accommodation provides no direct improvement of the disability's effect, then it cannot be said to have been necessary.
>
> *Bryant Woods Inn v. Howard County*, 124 F.3d 597, 604 (4th Cir. 1997); *Auburn Woods I HOA v. FEHA*, 121 Cal.App.4th 1578, 1598-1599 (2011)

The first paragraph is not disputed and is included in Plaintiffs' instruction. The second paragraph, "If a proposed accommodation provides no direct improvement of the disability's effect, then it cannot be said to have been necessary," has nothing to do with undue administrative burden or any affirmative defense analysis.

Plaintiff's instruction is an accurate statement of the law and helpful to the jury:

> If the housing provider reasonably believes a particular requested accommodation would be an undue administrative burden on them, then they must try to identify another accommodation that will not pose such an undue burden. In doing so, the housing provider may consider whether alternatives exist to accomplish the requested accommodation more efficiently.
>
> There may be instances where a provider believes that, while the accommodation requested by the individual is reasonable, there is an alternative accommodation that would be equally effective in meeting the individual's disability-related needs. In such a circumstance, the provider should discuss with the individual if she is willing to accept the alterative accommodation. However, providers should be aware that persons with disabilities typically have the most accurate knowledge about the functional limitations posed by their disability, and an individual is not obligated to accept an alternative accommodation suggested by the provider if she believes it will not meet her needs and her preferred accommodation is reasonable.
>
> Authority: Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Accommodation (May 17, 2004) ("Joint Guidance"), in 1 Housing Discrim. Pr. Man. App'x 2C; *Kuhn by and through Kuhn v. McNary Estates Homeowners Association, Inc.,* 228 F.Supp.3d 1142 (D. Or. 2017).

The *Kuhn* court stated the authority and reasoning in support of Plaintiffs' instruction

very succinctly:

> The Joint Guidance, though not binding on this Court, is entitled to persuasive weight. *See United States v. Mead Corp.*, 533 U.S. 218, 227, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) ("The well-reasoned views of the agencies implementing a statute constitute a body of experience and informed judgment to which courts and litigants may property resort for guidance." (citations, quotation marks, and alterations omitted). As the U.S. District Court for the Southern District of Florida recently noted, it is a "basic premise" of disability law that "while not every accommodation chosen by a disabled person is 'reasonable,' a [housing provider] is not permitted to survey the universe of possible accommodations or modifications and determine for the individual what, in its estimation, is the best or most 'reasonable' approach." *Alboniga v. Sch. Bd. of Broward Cnty. Fla.*, 87 F.Supp.3d 1319, 1339–40 (S.D. Fla. 2015). Third, as noted above, defendants raised the Class B RV and garage modification options for the first time in their summary judgment motion, after denying plaintiffs' request and after plaintiffs had sold their house and moved. Under basic principles of fairness and waiver, they are not now permitted to avoid liability by faulting plaintiffs for failing to come up with those alternative accommodations.
>
> Considering the plain text of the statute, the Joint Guidance, and the principles of fairness and waiver described above, I conclude defendants' identification of plausible alternative accommodations is irrelevant to evaluating whether plaintiffs' requested accommodation was necessary within the meaning of the statute.

*Id.* The Court should give Plaintiffs' instruction instead of Defendants'.

**19. Disputed Instruction No. 26:  Affirmative Defense:  Pre-existing Condition or Disability**

Plaintiffs propose:

> You must decide the full amount of money that will reasonably and fairly compensate Plaintiff PETER HOLLAND for all damages caused by the wrongful conduct of defendants, even if PETER HOLLAND was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury or no injury at all.
>
> Source: Judicial Council Of California Civil Jury Instruction 3928, Judicial Council Of California Civil Jury Instruction 3928 (as modified)

This instruction warns jurors that Defendants do not escape responsibility simply because Plaintiff had a preexisting condition.  "That a plaintiff without such a [preexisting] condition would probably have suffered less injury or no injury does not exonerate a defendant from liability." *Ng*, 75 Cal.App.3d at 255; *Rideau v. Los Angeles Transit Lines,* 124 Cal.App.2d 466, 471 (1954).

- 16 -

**20. Disputed Instruction No. 27:  Waiver of Claim**

Defendants Propose:

> Both Plaintiff and Defendants must participate in an interactive process to address a request for accommodation. The interactive process requires communication and good faith exploration of possible accommodations between the Plaintiff and Defendant. A party that obstructs or unreasonably delays the interactive process is not acting in good faith. A party that fails to communicate, by way of initiation or response, may also be acting in bad faith.
>
> If you determine that a breakdown in the interactive process is the cause of the failure to provide Plaintiff with a reasonable accommodation, you must determine if the actions or inactions of Plaintiffs or Defendants caused the breakdown. Liability hinges on the objective circumstances surrounding the parties' breakdown in communication, and responsibility for the breakdown lies with the party who refuses to participate in good faith.
>
> Authorities: *Ducre v. Veolia Transp.*, 2011 U.S. Dist. LEXIS 158897, at *1. (C.D.Cal. 2011, No. CV 10-02358 MMM); *Montano v. Bonnie Brae Conv. Hosp.*, 79 F.Supp.3d 1120, 1127-1128 (C.D. Cal., 2015); *Auburn Woods I Homeowners Assn. v. Fair Employment & Housing Com.* (2004) 121 Cal.App.4th 1578, 1598.

This instruction should not be given:  It is inapplicable to this case and it is an incorrect statement of the law.  Plaintiffs do not assert a cause of action for failure to engage in the interactive process. FAC, Docket 61.  Therefore, there is no question of a "failure" for the jury to consider.

Moreover, even the authorities cited by Defendants confirm that the interactive process obligation falls on the landlord (or employer), not on the person requesting an accommodation. *Ducre v. Veolia Transportation*, No. 10-02358 MMM (AJWX), 2011 WL 13046882, at *21 (C.D. Cal. Mar. 29, 2011); *Montano*, 79 F.Supp.3d at 1128.  As noted by the *Auburn Woods I* court:

> Once the employer knows of the disability and the employee's desire for accommodations, it makes sense to place the burden on the employer to request additional information that the employer believes it needs. Disabled employees, especially those with psychiatric disabilities, may have good reasons for not wanting to reveal unnecessarily every detail of their medical records because much of the information may be irrelevant to identifying and justifying accommodations, could be embarrassing, and might actually exacerbate workplace prejudice.... [¶] ... [Moreover], an employee with a mental illness may have difficulty effectively relaying medical information about his or her condition, particularly when the symptoms are flaring and reasonable accommodations are needed

- 17 -

*Auburn Woods I,* 121 Cal.App.4th at 1598.

## CONCLUSION

Plaintiffs respectfully request that the Court instruct the jury as requested by Plaintiffs.

Respectfully Submitted,

Date: July 17, 2017                  DERBY, McGUINNESS & GOLDSMITH, L.L.P.


By: */s/ Steven L. Derby*
STEVEN L. DERBY, ESQ
Attorneys for Plaintiffs
PETER HOLLAND and KRISTEN HOLLAND